**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------**X**
ROBERT T. KENNEDY, MAYOR OF THE
INCORPORATED VILLAGE OF FREEPORT, IN HIS
OFFICAL AND INDIVIDUAL CAPACITY, THE             **Docket No.**
INCORPORTED VILLAGE OF FREEPORT, and THE
INCORPORATED VILLAGE OF FREEPORT BOARD
OF TRUSTEES,

                                Plaintiffs,             <u>**COMPLAINT**</u>

          -against-

THE STATE OF NEW YORK, THE NEW YORK STATE
SENANTE and THE NEW YORK STATE ASSEMBLY,

                              Defendants.

-----------------------------------------------------------------**X**

Plaintiffs, ROBERT T. KENNEDY, MAYOR OF THE INCORPOATED VILLAGE OF FREEPORT, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, THE INCORPORATED VILLAGE OF FREEPORT, THE INCORPORATED VILLAGE OF FREEPORT BOARD OF TRUSTEES, by and through their attorneys, HARRIS BEACH MURTHA CULLINA PLLC, as and for their complaint against Defendants, respectfully states and alleges, upon information and belief, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.  New York State Real Property Tax Law § 736(2) is violative of the Fifth and Fourteenth Amendment of the United State Constitution.  The Procedures set forth in New York State Real Property Tax Law, Chapter 50, Article 7, Title 1A, Sections 729 through and including 739 prohibit respondents to Small Claims Assessment Review (hereinafter "SCAR") proceedings from appealing adverse determinations while allowing petitioners to said proceedings the constitutional right to appeal adverse determinations.

2.    As this Court is aware, New York State law provides Petitioners challenging their real property tax assessments a SCAR proceeding to overrule the determination of the taxing jurisdictions real property tax assessment. In Villages, such as the Plaintiff Incorporated Village of Freeport (hereinafter "Village Plaintiff"), an application for a reduction in real property taxes is filed with the Plaintiff Incorporated Village of Freeport Board of Trustees (hereinafter "Village Board"), which sits as the Board of Assessment Review and if said application is denied the Petitioner may commence the SCAR proceeding against the Plaintiffs to reduce their real property tax burden. Thereafter, Petitioner has the right to appeal said SCAR Proceeding determination to a New York State Supreme Court Judge and is afforded all appellate rights as a litigant in New York State Court.

3.    This is a civil action arising out of the unconstitutionality of New York State Real Property Tax Law § 736(2), which prohibits the Village Respondent from appealing any rulings in a SCAR Proceeding to a New York State Supreme Court Judge and denies the Respondent Village the appellate rights afforded all litigants in New York State Court.

4.    Plaintiff Robert T. Kennedy, Mayor of the Incorporated Village of Freeport (hereinafter "Village Mayor" or "Mayor Kennedy" together with the "Village Plaintiff" and the "Village Board, collectively, the "Village Plaintiffs"), swore an oath to uphold the Constitution of the Unites States, the Constitution of the State of New York and the laws and ordinances of the Incorporated Village of Freeport. As this Court is well aware, under Article IX of the New York State Constitution Mayor Kennedy is charged with protecting the health, safety and welfare of the residents of the Village of Freeport.

5.    This action is for injunctive relief to estop the unconstitutional statute from prohibiting

Mayor Kennedy from complying with his sworn oath and fulfilling his responsibilities under New York State law.

6.  New York State Real Property Tax Law § 736(2) is unconstitutional as violative of the equal protection clause of the 14th Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendment of the United States Constitution.

7.  This action is brought against THE STATE OF NEW YORK for passage and usage of New York State Real Property Tax Law § 736(2) that is violative of the Plaintiffs' ROBERT T. KENNEDY, MAYOR OF THE INCORPORATED VILLAGE OF FREEPORT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, THE INCORPOATED VILLAGE OF FREEPORT THE INCORORATED VILLAGE OF FREEPORT BOARD OF TRUSTEES' rights of due process of government takings under the due process clause and takings clause of the Fifth Amendment and their rights of due process and equal protection under the due process clause equal protection clause of the Fourteenth Amendment of the United States Constitution.

## JURISIDCTION AND VENUE

8.  This action is brought pursuant to the Fourteenth Amendment to the United States Constitution.

9.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

10. Venue herein is proper under §§ 1391(b)(2) as the cause of action arose and the properties subject herein are located in the Eastern District of New York.

## PARTIES

11. During all times mentioned in this complaint, Plaintiff, ROBERT T. KENNEDY, MAYOR OF THE INCORPORATED VILLAGE OF FREEPORT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, is the duly elected Mayor of the Incorporated Village of Freeport, and a resident, homeowner, voter, and taxpayer of the Village of Freeport, whose principal place of business is 40 N. Ocean Avenue, Freeport, New York 11520.

12. During all times mentioned in this complaint, Plaintiff, ROBERT T. KENNEDY, is the duly elected Mayor of the Incorporated Village of Freeport, given authority to act pursuant to New York State Village Law, Article 4, § 4-400, with a principal place of business at 40 N. Ocean Avenue, Freeport, New York 11520.

13. During all times mentioned in this complaint, Plaintiff, THE INCORPORATED VILLAGE OF FREEPORT is a municipality organized under and governed by the law of the State of New York, with a principal place of business at 40 N. Ocean Avenue, Freeport, New York 11520.

14. During all times mentioned in this complaint, Plaintiff, THE INCORORATED VILLAGE OF FREEPORT BOARD OF TRUSTEES is a board incorporated and given authority to act pursuant to New York State Village Law, Article 4, § 4-412, with a principal place of business at 40 N. Ocean Avenue, Freeport, New York 11520

15. Upon information and belief, during all times mentioned in this complaint, the Defendant, THE STATE OF NEW YORK, is the government entity created and bound by the Constitution of New York and the Constitution of the United States.

16. Upon information and belief, during all times mentioned in this complaint, the

4

Defendant NEW YORK STATE SENATE is a house of the New York State Legislature dutybound by the Constitution to exercise the legislative function. The Senate adopted the budget that included the enactment of New York State Real Property Tax Law § 736.

17. Upon information and belief, during all times mentioned in this complaint, the Defendant NEW YORK STATE ASSEMBLY is a house of the New York State Legislature dutybound by the Constitution to exercise the legislative function. The Assembly adopted the budget that included the enactment of New York State Real Property Tax Law § 736.

## **FACTUAL ALLEGATIONS**

18. Plaintiffs, ROBERT T. KENNEDY, MAYOR OF THE INCORPOATED VILLAGE OF FREEPORT, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, THE INCORPORATED VILLAGE OF FREEPORT, THE INCORPORATED VILLAGE OF FREEPORT BOARD OF TRUSTEES (hereinafter, the "Village Plaintiffs"), repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 17 of the complaint with the same force and effect as though set forth herein.

19. New York State Real Property Tax Law, Chapter 50, Article 7, Title 1A, Sections 729 through and including 739 provide for the procedures by which SCARs are conducted.

20. SCARs provide real property owners in Nassau County an opportunity to challenge appeals that were denied by a Village's Board of Assessment Review in a proceeding before judicial hearing officer assigned by the Supreme Court, Nassau County.

21. New York State Real Property Tax Law § 736(2) provides that:

"*A petitioner to an action pursuant to this title may seek judicial review pursuant to article seventy-eight of the civil practice law and rules provided that such review shall be maintained against the same parties named in the small claims petition*".

5

22. Every year, the Village Plaintiffs are named as defendants in thousands of SCAR proceeding and the Village Plaintiffs appear to defend the tax assessments on behalf of all residents of the Village of Freeport.

23. Pursuant to New York State Real Property Tax Law §§ 731 & 732, SCARS Proceedings are heard by a small claims hearing officer.

24. In the event the real property owner disagrees with the hearing officer's determination, he or she may appeal, again, said determination by seeking judicial review in an article 78 proceeding. (*See*, Real Property Tax Law § 736(2)). Thereafter, the real property owners is afforded all of the appellate rights of any litigant in the New York State Supreme Court.

25. However, the Village Plaintiffs are not afforded the right to appeal the judicial hearing officer's determination in a SCAR proceeding and are denied the rights afforded all litigants in a New York State Supreme Court action.

26. In fact, the statute fails to authorize and allow the Village Plaintiffs any appellate process, inclusive of a procedure to correct scriveners errors of a hearing officer in a SCAR Proceeding.  Attached hereto as **Exhibit "A"** are decisions of hearing officers in SCAR Proceedings involving the Plaintiffs that included scrivener's errors and were not appealable by Plaintiffs in their capacity as respondents in the SCAR Proceedings and therefore added to the taxable burden of all Village of Freeport residents.

27. These errors include determinations that deny relief in SCAR proceeding and then inadvertently in the same proceeding reduce the real property tax assessment, as well as determinations misstating the current residential adjusted ratio thereby increasing the tax burden for thousands of Freeport residents without any basis in law or equity whatsoever. *See*: **Exhibit "A".**

6

28. Additionally, there are determinations that are not signed by the hearing officer as required by State law and other determinations that do not even list who the hearing officer was that made said determination. Attached hereto as **Exhibit "B"** are Decisions that do not list a hearing officer and are not even signed by the hearing officer, and therefore the Decisions would have been found to be invalid, however the Plaintiffs herein had no right to appeal same.

29. The above-referenced clear and unequivocal errors contained in the determinations of hearing officers in SCAR proceedings increased the tax burden of the residents of Freeport and the Village Plaintiffs have no recourse under New York State law to even correct said clear and unequivocal errors. The residents of the Village of Freeport are paying millions of dollars in real property taxes based upon the failure of the state law to afford the Village its constitutional right to appeal as a defendant in SCAR proceedings.

30. To make matters worse, some hearing officers are completely violating state law and usurping the power of New York State to determine the applicable ratio for each taxing jurisdiction and determining their own individual ratio for selected real properties in SCAR proceedings.

31. In 2025, certain law firms representing multiple real property owners in the Village of Freeport used a novel theory of assessment review that violates New York State law and attempted to convince hearing officers that they have power to usurp State law and determine the ratio for selected properties in the Village of Freeport thereby placing the taxable burden for those selected few real properties upon the rest of the residents of the Village of Freeport. Attached hereto as **Exhibit "C"** are Decisions from 2025 that did not accept the respondent's novel theory of assessment review and their rationale for same.

32. However, a few hearing officers in 2025 did accept the above referenced novel theory

7

that violates state law and thereby selected certain real properties and assigned their own determined ratio pushing the real property owners' taxable burden upon the remainder of the residents of the Village of Freeport. Attached hereto as **Exhibit "D"** are Decisions from 2025 wherein the novel theory was accepted, and as a result created an unconscionable result, which were not appealable by Plaintiffs in their capacity as respondents in the SCAR Proceedings. In these decisions, it is apparent that the hearing officer did not thoroughly understand the novel theory, and did not understand the respondents' arguments contrary thereto. However, with no right to appeal, the respondents (Plaintiffs herein) are without recourse to address.

33. Attached hereto as **Exhibit "E"** are determinations whereby the hearing officers determined that petitioners had standing to challenge the RAR, and selected their own ratio for selected real property owners represented by select law firms. Attached hereto as **Exhibit "F"** are decisions which correctly indicate that petitioners did not have standing to challenge the RAR.

34. Needless to say, the results reflected in **Exhibits "D" and "E"** create various RARs for selected properties throughout the Village of Freeport, completely shifting the taxable burden for certain real properties upon the remainder of the Residents of Freeport and allowing an unequal system of tax assessments to exist in violation of Federal and State law to the detriment of Freeport residents. This unequal and unfair system created by a select few hearing officers must be corrected, however the State law in violation of the Federal and State Constitution prohibits Mayor Kennedy and the Village Plaintiffs from correcting this unequal and unfair system created by selected hearing officers.

35. It is important to note, that the New York State Supreme Court has held that the real

property owners referenced above do not have standing to challenge the RAR. Attached hereto as **Exhibit "G"** is the case law that establishes that real property owners do not have standing to challenge the RAR.

36. Even though the law is clear, the statute in question in this litigation prohibits the Village Plaintiffs from correcting this clear legal error in violation of Federal and State law.

37. Moreover, when a hearing officer determines that an assessment of a particular property is too high and lowers it, the lowering of said assessment does not just impact that particular property, but all properties within that jurisdiction. Here, when the Plaintiffs' assessment of a particular property is determined to be too high, it does not decrease the total amount of taxation collected by the Village Plaintiffs, but just disperses the difference among other real property owners within the Village, therefore increasing the taxation on all other properties within the Village.

38. With no right to appeal, the Plaintiffs are forced to raise the real property taxes of other similarly situated properties in order to meet their duly enacted budget, creating a gross inequity among all residents within the Village.

39. Similarly, other similarly situated real property owners within the Village whose taxes are raised due to the lowering of tax assessments of properties of petitioners in SCAR Proceedings within the jurisdiction do not have a right to appeal the decisions, regardless of the tax impact on their similarly situated properties.

40. Pursuant to New York State Village Law § 4-400, in his capacity as Mayor, Plaintiff Mayor Kennedy has the responsibility "to intervene in any and all actions, at the direction of the board of trustees, where deemed necessary to protect the rights of the village and its inhabitants" (subsection f), among other things.

9

41. Real Property Tax Law § 736(2) precludes Plaintiff Mayor Kennedy from fulfilling his responsibilities as outlined in New York State Village Law § 4-400, since he and the Village are unable to appeal the decisions of hearing officers in SCAR Proceedings, and therefore he is unable to protect the rights of the Village inhabitants from bearing a disproportionate amount of the real property tax in the Village due to the lowering of petitioners' real property taxes resultant from SCAR Proceedings.

42. Moreover, pursuant to New York State Village Law § 4-412(1)(a), the Plaintiff Village Board of Trustees "…may take all measures and do all acts…which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, and the preservation and protection of public works."

43. Real Property Tax Law § 736(2) precludes Plaintiff Village Board of Trustees from fulfilling its responsibilities as outlined in New York State Village Law § 4-412(1)(a), since it is unable to appeal the decision of hearing officers in SCAR Proceedings and therefore is unable to protect the property and general welfare of the Village inhabitants from bearing a disproportionate amount of the real property tax in the Village due to the lowering of petitioners' real property taxes resultant from SCAR Proceedings.

44. More pointedly, Article IX of the New York State Constitution authorizes and empowers the Village Plaintiffs to levy, administer and collect local taxes and protect the safety, health and well-being of all persons and property within the Village of Freeport.

45. As set forth in Article IX of the New York State Constitution:

*"In addition to the powers granted in the statute of local governments or any other law . . . every local government shall have the power to adopt and amend local laws*

*not inconsistent with the provisions of this constitution or any general law relating to the following subjects. . .The levy, collection and administration of local taxes ... ...the protection, order, conduct, safety, health and well being of persons or property therein".*

46. New York State Real Property Tax Law § 736(2) clearly violates the Constitution of the United States by allowing certain selective real property owners to place their fair taxable burden upon other residents without allowing the duly elected representatives to ensure for a fair and equal tax assessment system as required by the Federal and State constitutions.

47. The Equal protection clause of the Fourteenth Amendment applies only to taxation which in fact bears unequally on persons or property of the same class. Prohibiting the Mayor and the Village Plaintiffs from fulfilling their statutory and constitutional duties by ensuing for a fair and equal assessment under the equal protection clause establishes a clear constitutional infirmity in the statute.

48. The Due Process clause of both the Fifth and the Fourteenth Amendment requires the protection of a person life, liberty and property and the statute in question estops the duly elected representative of the people from fulfilling their obligations and ensuring his/her residents are treated equally and fairly in compliance with Constitutional law.

49. The Statute is in direct contravention of the Constitution of the United States and the New York State Constitution.

**AS AND FOR A FIRST COUNT
SEEKING A DECLARATION THAT
NEW YORK STATE REAL PROPERTY AND TAX LAW § 736 IS
UNCONSTITUTIONAL AS VIOLATIVE OF THE DUE PROCESS AND TAKINGS
CLAUSES OF THE FIFTH AMENDMENT**

50. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 48 of the complaint with the same force and effect as though set forth herein.

11

51.  The Fifth Amendment of the United States Constitution states, in pertinent part, "No person shall…be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without compensation". "Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48–49, 114 S. Ct. 492, 498, 126 L. Ed. 2d 490 (1993), *citing*, United States v. $8,850, 461 U.S. 555, 562, n. 12, 103 S.Ct. 2005, 2011, n. 12, 76 L.Ed.2d 143 (1983); Fuentes v. Shevin, 407 U.S. 67, 82, 92 S.Ct. 1983, 1995, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 342, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969) (Harlan, J., concurring); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).

52.  As relates to Plaintiffs as taxpayers in the Village, when a hearing officer makes a determination that a tax assessment of real property is too high and thereby lowers it, the taxes on other similarly situated properties increase, in order to meet the duly adopted budget of the Village.

53. As a result, the real property taxes on similarly situated properties of the Plaintiff taxpayers are caused to be disproportionately increased.

54. The Village Plaintiffs, however, have no recourse to appeal the decisions pursuant to New York State Real Property Tax Law § 736.

55. With no right to appeal under New York State Property Tax Law § 736, Plaintiff taxpayers are deprived of their properties (in the form of taxation) for public use without notice and an opportunity to be heard, and therefore without due process of the law, in clear violation of the Fifth Amendment of the United States Constitution.

56. Moreover, although Mayor Kennedy and the Village Board are obligated to protect

the inhabitants of the Village, including their property rights pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), Plaintiffs Mayor Kennedy and the Village Board are unable to do so, since they have no recourse to appeal the decisions of SCAR Proceedings pursuant to New York State Real Property Tax Law § 736.

57. With no right to appeal under New York State Property Tax Law § 736, the Plaintiffs Village Mayor and the Village Board are unable to perform their obligations pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), causing deprivation of their Village inhabitants' properties for public use without an opportunity to be heard, and therefore without due process of the law, in clear violation of the Fifth Amendment of the United States Constitution.

58. "The right to prior notice and a hearing is central to the Constitution's command of due process. 'The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property....'". United States v. James Daniel Good Real Prop., *supra*, *citing*, Fuentes v. Shevin, *supra*.

59. Accordingly, it is evident that New York State Real Tax Property § 736 has the effect of depriving Plaintiffs with the right to an opportunity to be heard before deprivation of their property, in clear violation of the Fifth Amendment, rendering the statute unconstitutional.

60. An actual controversy has arisen and now exists between Plaintiffs and the Defendants warranting declaratory relief pursuant to 28 U.S.C. 2201.

61. Plaintiffs herein respectfully seek a declaration that New York Real Tax Property § 736 is unconstitutional for violation of the due process clause and takings clause of the Fifth Amendment.

**AS AND FOR A SECOND COUNT
SEEKING A DECLARATION THAT**

13

**NEW YORK STATE REAL PROPERTY AND TAX LAW § 736 IS UNCONSTITUTIONAL AS VIOLATIVE OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

62. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 42 of the complaint with the same force and effect as though set forth herein.

63. The Fourteenth Amendment of the United States Constitution states, in pertinent part: "…No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…".

64. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976), *citing* Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). See Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914).

65. "'We have no doubt that, because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment". Heiner v. Donnan, 285 U.S. 312, 326, 52 S. Ct. 358, 361, 76 L. Ed. 772 (1932), *citing*, Hoeper v. Tax Comm'n of Wis., 284 U.S. 206, 215, 52 S. Ct. 120, 122, 76 L. Ed. 248 (1931).

66. As relates to Plaintiffs as taxpayers in the Village, when a hearing officer makes a determination that a tax assessment of real property is too high and thereby lowers it, the taxes on other similarly situated properties increase, in order to meet the duly adopted budget of the Village.

67. As a result, the real property taxes on similarly situated properties of the Plaintiff

14

taxpayers are caused to be disproportionately increased.

68. Plaintiffs, however, have no recourse to appeal the decisions pursuant to New York State Real Property Tax Law § 736.

69. With no right to appeal under New York State Property Tax Law § 736, Plaintiff taxpayers' are deprived of their properties without notice and an opportunity to be heard, and therefore without due process of the law, in clear violation of the Fourteenth Amendment of the United States Constitution.

70. Moreover, although Plaintiffs Mayor Kennedy and the Village Board are obligated to protect the inhabitants of the Village, including their property rights pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), Mayor Kennedy and the Village Board are unable to do so, since they have no recourse to appeal the decisions of SCAR Proceedings pursuant to New York State Real Property Tax Law § 736.

71. With no right to appeal under New York State Property Tax Law § 736, Plaintiffs Mayor Kennedy and the Village Board are unable to perform their obligations pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), causing deprivation of their Village inhabitants' properties without an opportunity to be heard, and therefore without due process of the law, in clear violation of the Fourteenth Amendment of the United States Constitution.

72. "The right to prior notice and a hearing is central to the Constitution's command of due process. 'The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property....'". United States v. James Daniel Good Real Prop., *supra*, *citing*, Fuentes v. Shevin, *supra*.

15

73. Accordingly, it is evident that New York State Real Tax Property § 736 has the effect of depriving Plaintiffs with the right to an opportunity to be heard before deprivation of their property, in clear violation of the Fourteenth Amendment, rendering the statute unconstitutional.

74. An actual controversy has arisen and now exists between Plaintiffs and the Defendants warranting declaratory relief pursuant to 28 U.S.C. 2201.

75. Plaintiffs herein respectfully seek a declaration that New York Real Tax Property § 736 is unconstitutional for violation of the due process clause of the Fourteenth Amendment.

**AS FOR A THIRD COUNT
SEEKING A DECLARATION THAT
NEW YORK STATE REAL PROPERTY AND TAX LAW § 736 IS
UNCONSTITUTIONAL AS VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF
THE FOURTEENTH AMENMENT**

76. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 74 of the complaint with the same force and effect as though set forth herein.

77. The Fourteenth Amendment of the United States Constitution states, in pertinent part: "…No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws…"

78. "The Equal Protection Clause 'applies only to taxation which in fact bears unequally on persons or property of the same class.'" Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty., W. Va., 488 U.S. 336, 336, 109 S. Ct. 633, 634, 102 L. Ed. 2d 688 (1989), *citing,* Charleston Fed. Savings & Loan Assn. v. Alderson, 324 U.S. 182, 190, 65 S.Ct. 624, 629, 89 L.Ed. 857 (1945)

79. "Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'" Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601, 128 S. Ct. 2146, 2152–53, 170 L. Ed. 2d 975 (2008), *citing,*

McGowan v. Maryland, 366 U.S. 420, 425, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). *See also*, Ross

v. Moffitt, 417 U.S. 600, 609, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (" 'Equal protection' ...

emphasizes disparity in treatment by a State between classes of individuals whose situations are

arguably indistinguishable"); San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1,

60, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) (Stewart, J., concurring) ("[T]he basic concern of the

Equal Protection Clause is with state legislation whose purpose or effect is to create discrete and

objectively identifiable classes").

80. As relates to Plaintiffs as taxpayers in the Village, when a hearing officer makes a

determination that a tax assessment of real property is too high and thereby lowers it, the taxes on

other similarly situated properties increase, in order to meet the duly adopted budget of the Village.

81. As a result, the real property taxes on similarly situated properties of the Plaintiff

taxpayers are caused to be disproportionately increased.

82. Plaintiffs, however, have no recourse to appeal the decisions pursuant to New York

State Real Property Tax Law § 736.

83. With no right to appeal under New York State Property Tax Law § 736, Plaintiff

taxpayers are forced to incur higher property taxes than those Village residents who initiated and

participated in SCARs Proceedings, leading to a clear violation of the equal protection clause of

the Fourteenth Amendment of the United States Constitution.

84. There is clearly no legitimate basis for the Defendants to differentiate between Village

residents who initiated and participated in SCARs Proceedings and those who did not, and whose

taxes as a result thereof are disproportionately increased.

85. Moreover, although Plaintiffs Mayor Kennedy and the Village Board are obligated to

protect the inhabitants of the Village, including their property rights pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), Mayor Kennedy and the Village Board are unable to do so, since they have no recourse to appeal the decisions of SCAR Proceedings pursuant to New York State Real Property Tax Law § 736.

86. With no right to appeal under New York State Property Tax Law § 736, Mayor Kennedy and the Village Board are unable to perform their obligations pursuant to New York State Village Law §§ 4-400 and 4-412(1)(a), causing an unequal and disproportionate assessment of property taxes of similarly situated properties within the Village with no legitimate basis, in clear violation of the equal protection clause of Fourteenth Amendment of the United States Constitution.

87. Accordingly, it is evident that New York State Real Tax Property § 736 has the effect of depriving Plaintiffs with equal protection, in clear violation of the equal protection clause of the Fourteenth Amendment, rendering the statute unconstitutional.

88. An actual controversy has arisen and now exists between Plaintiffs and the Defendants warranting declaratory relief pursuant to 28 U.S.C. 2201.

89. Plaintiffs herein respectfully seek a declaration that New York Real Tax Property § 736 is unconstitutional for violation of the equal protection process clause of the Fourteenth Amendment.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** Plaintiffs herein respectfully request that this Court grant:

A.  A declaration that New York Property Tax Law § 736 is unconstitutional, as violative of the due process clause and takings clause of the Fifth Amendment;

B.  A declaration that New York Property Tax Law § 736 is unconstitutional, as a violative

18

of the due process cause of the Fourteenth Amendment;

      C.  A declaration that New York Property Tax Law § 736 is unconstitutional, as a violative

of the equal protection clause of the Fourteenth Amendment; and

      D.  Such other and further relief that the Court, in its exercise of discretion, deems just and

proper.


Dated: September 15, 2025
      Uniondale, New York


                HARRIS BEACH MURTHA CULLINA PLLC

                By: _____ */s/ Keith M. Corbett*_____
                    Keith M. Corbett, Esq.
                    Gabriella S. Amato, Esq.
                    333 Earle Ovington Blvd., Suite 901
                    Uniondale, New York 11553
                    (516) 880-8484
                    KCorbett@harrisbeachmurtha.com
                    GAmato@harrisbeachmurtha.com