# EXHIBIT B

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __04/24/2023__   Date decision submitted to clerk __05/22/2023__   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER22700340__   Calendar # __8__

Name of owner or owners: Kevin Hill, Celeste Hill

Address: 214 MOUNT JOY AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__   Block __347__   Lot __0090__

### PART II - DECISION

DISPOSITION – Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons _____

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 6,900.00 | $ 1.00 | $ 6,516.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

## COSTS

**AWARD OF COSTS (Check if applicable)**

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Reduction: GRANTED Current AV $6,900  equalizes to $522,727 at .0132

First: Petitioner asserts an Unequal Assessment Claim and argued that the Residential Assessment Ratio (hereinafter RAR) utilized by Respondents, Village of Freeport, was not proper. The Village of Freeport utilized an RAR of 1.32%, or .0132 and Petitioner argued that the proper RAR was .01 or 1%. In support of their position, Petitioner submitted two separate sales ratio studies, a sales book, a sample of the 2022 Village of Freeport final roll, the NYS Assessor Manual and the testimony of witness John Watch of MJW Consulting, Inc., who prepared one of the sales ratio studies. Petitioner also cited various cases and RPTL sections and further argued that the sales data utilized by ORPTS in their calculation was stale. The taxable status date for the Village is October 1, 2021. The data used by ORPTS was the Nassau County tax roll for 2021/2022, which has a tax status date of January 1, 2020, twenty-one months apart.

In opposition, the Village submitted a memorandum of law as well as cited to the RPTL and made oral and written arguments. Petitioner bears the burden to ow that their property is "assessed at a higher percentage of full market value than either, 1) the average of all (emphasis added) other property on the essment roll or 2) the average of residential property on the assessment roll. To make a case, the homeowner must first prove the full market value of his or her own property. Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" See: Pace v. Assessor of Town of Islip, 252 A.D.2d 88, 90 (2d Dept. 1998). In the instant matter, while the Petitioner submitted comparable sales, in support of the full market value of the subject property, it is of no consequence to the RAR as that both ratio studies submitted by Petitioner fail to consider the average of residential property on the assessment roll. Both studies only consider properties which have sold in the relevant period, and not all properties on the roll, which Pace v. Assessor of the Town of Islip appears to require. Although the word ¬all is notably absent from the requirements, so are the words, "some", or a "sampling" or a "selection" or words to that effect, it is therefore your undersigned's interpretation that this requirement of all residential properties is implied.

Petitioner argued that neither ORPTS' RAR nor Petitioners Ratio Studies are reflective of "all other properties on the assessment roll" simply because they are limited to residential properties, and "all properties" on the assessment roll would include commercial properties, however this argument serves as a concession that the average of all residential property on the assessment roll is not considered in the Petitioner's ratio studies, and Petitioner bears the burden of proof in this matter. The sales in Petitioner's ratio studies only represent a small portion of all residential properties on the tax roll and thus are not persuasive of an unequal assessment.

Regarding Petitioner's argument that the data utilized by ORPTS was stale, they have relied on data that would not have been available at the time of Respondent Village's tax status date and the data refers to the roll of a different tax year.

Moreover, New York State has charged ORPTS with the duty of determining the RAR in this matter and as such they are bound by certain procedures. "In the absence of clear evidence to the contrary, court's presume that [Government Entities] have properly discharged their official duties." See: United States v. Chemical Foundation, Inc., 272 U.S. 1, 14—15 (1926) "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties" See: Nat'l Archives and Records Admin v. Favish, 541 US 157, 174 (2004). Therefore, it is my determination that the RAR set by ORPTS shall be utilized in this proceeding.

Finally, Petitioner asserts an Excessive Assessment Claim and submits comparable sales in support of that argument. Respondent also submitted comparable sales arguing that their assessment was proper. The best evidence as to the value of the subject property close in time to the valuation date is to average Respondent's comparable sales. Petitioner adopted said sales as their own. Therefore, Petitioner has established the right to a reduced A/V of $6,516.

Signature

RPTL730   Form#UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Grou
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __04/24/2023__   Date decision submitted to clerk __05/22/2023__   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__   Assessment Review Filing #__ER22700341__ Calendar #__9__

Name of owner or owners: Marilyn Holt

Address: 185 PRINCE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section __55__   Block __347__   Lot__0183__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 7,350.00 | $ 1.00 | $ 6,860.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form#UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒Costs of $ _____ 30.00 _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Reduction: GRANTED Current AV $7350 equalizes to $566,818 at .0132

First: Petitioner asserts an Unequal Assessment Claim and argued that the Residential Assessment Ratio (hereinafter RAR) utilized by Respondents, Village of Freeport, was not proper. The Village of Freeport utilized an RAR of 1.32%, or .0132 and Petitioner argued that the proper RAR was .01 or 1%. In support of their position, Petitioner submitted two separate sales ratio studies, a sales book, a sample of the 2022 Village of Freeport final roll, the NYS Assessor Manual and the testimony of witness John Watch of MJW Consulting, Inc., who prepared one of the sales ratio studies. Petitioner also cited various cases and RPTL sections and further argued that the sales data utilized by ORPTS in their calculation was stale. The taxable status date for the Village is October 1, 2021. The data used by ORPTS was the Nassau County tax roll for 2021/2022, which has a tax status date of January 1, 2020, twenty-one months apart.

In opposition, the Village submitted a memorandum of law as well as cited to the RPTL and made oral and written arguments. Petitioner bears the burden to ?ow that their property is "assessed at a higher percentage of full market value than either, 1) the average of all (emphasis added) other property on the ?essment roll or 2) the average of residential property on the assessment roll. To make a case, the homeowner must first prove the full market value of his or her own property. Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" See: Pace v. Assessor of Town of Islip, 252 A.D.2d 88, 90 (2d Dept. 1998). In the instant matter, while the Petitioner submitted comparable sales, in support of the full market value of the subject property, it is of no consequence to the RAR as that both ratio studies submitted by Petitioner fail to consider the average of residential property on the assessment roll. Both studies only consider properties which have sold in the relevant period, and not all properties on the roll, which Pace v. Assessor of the Town of Islip appears to require. Although the word ¬all is notably absent from the requirements, so are the words, "some", or a "sampling" or a "selection" or words to that effect, it is therefore your undersigned's interpretation that this requirement of all residential properties is implied.

Petitioner argued that neither ORPTS' RAR nor Petitioners Ratio Studies are reflective of "all other properties on the assessment roll" simply because they are limited to residential properties, and "all properties" on the assessment roll would include commercial properties, however this argument serves as a concession that the average of all residential property on the assessment roll is not considered in the Petitioner's ratio studies, and Petitioner bears the burden of proof in this matter. The sales in Petitioner's ratio studies only represent a small portion of all residential properties on the tax roll and thus are not persuasive of an unequal assessment.

Regarding Petitioner's argument that the data utilized by ORPTS was stale, they have relied on data that would not have been available at the time of Respondent Village's tax status date and the data refers to the roll of a different tax year.

Moreover, New York State has charged ORPTS with the duty of determining the RAR in this matter and as such they are bound by certain procedures. "In the absence of clear evidence to the contrary, court's presume that [Government Entities] have properly discharged their official duties." See: United States v. Chemical Foundation, Inc., 272 U.S. 1, 14—15 (1926) "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties" See: Nat'l Archives and Records Admin v. Favish, 541 US 157, 174 (2004). Therefore, it is my determination that the RAR set by ORPTS shall be utilized in this proceeding.

Finally, Petitioner asserts an Excessive Assessment Claim and submits comparable sales in support of that argument. Respondent also submitted comparable sales arguing that their assessment was proper. The best evidence as to the value of the subject property close in time to the valuation date is to average Respondent's comparable sales. Petitioner adopted said sales as their own. Therefore, Petitioner has established the right to a reduced A/V of $6,860.

Signature