# EXHIBIT C

**2025 DECISIONS BY HEARING OFFICER PROVENZANO**

Case 2:25-cv-05438-JMA-LGD   Document 1-3   Filed 09/29/25   Page 3 of 390 PageID #: 54

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700470__   Calendar # __2__

Name of owner or owners: Richard Nardella

Address: 164 WEST END AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __319__ Lot __32-33__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [ ] | Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment | Taxable | $ 5,256.00 | $ 1.00 | $ 5,256.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

_____

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

_____

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments are based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).

To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature _____

GRANTED

Name and Address of Hearing Officer

ANTHONY J. PROVENZANO, ESQ.
NASSAU COUNTY SUPREME COURT
100 SUPREME COURT DRIVE
MINEOLA, NY 11501

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                      Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700470__   Calendar # __2__

Name of owner or owners: Richard Nardella

Address: 164 WEST END AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __319__ Lot __32-33__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
  a.    More than three family
  b.    Not owner-occupied
  c.    Property not used exclusively for residential purposes
  d.    Cooperative
  e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
  f.    Did not file with Board of Assessment Review
  g.    Did not file within 30 days of filing of final roll
  h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,256.00 | $ 1.00 | $ 5,256.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).

To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/21/2025**                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  **NASSAU**    Assessment Review Filing #  **ER24700471**    Calendar #    **3**

Name of owner or owners: Jean Myers

Address: 469 NASSAU AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____   Section  **62**   Block  **183**   Lot  **0375**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,750.00 | $ 1.00 | $ 6,750.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held  **02/21/2025**                                            Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____**NASSAU**____ Assessment Review Filing # ____**ER24700472**____ Calendar #____**4**____

Name of owner or owners: Rodney Fennell, Deborah Tharpe-Fennell

Address: 35 PARK AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section _____**54**_____ Block _____**078**_____ Lot_____**1148-1150**_____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,460.00 | $ 1.00 | $ 5,460.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/21/2025**                        Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700473**   Calendar # **5**

Name of owner or owners: Todd Grimm, Jovita Bloch

Address: 167 ROSE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62**   Block **133**   Lot **8 & 10**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,496.00 | $ 1.00 | $ 6,496.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730    Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730    Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700474**    Calendar # **6**

Name of owner or owners: Damarcio Ferreira

Address: LAKEVIEW AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55** Block **207** Lot **0250**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☒ Disqualified (check appropriate box below)
    a. ☐ More than three family
    b. ☒ Not owner-occupied
    c. ☐ Property not used exclusively for residential purposes
    d. ☐ Cooperative
    e. ☐ Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f. ☐ Did not file with Board of Assessment Review
    g. ☐ Did not file within 30 days of filing of final roll
    h. ☐ Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☐ No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                  Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/21/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700475**  Calendar # **7**

Name of owner or owners: **Robert Aiken, Roberta Aiken**

Address: **126 NASSAU AVE**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **62**  Block **159**  Lot **471-474**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. ☐ | Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ | Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ | No Change in Assessment | Taxable | $ 5,985.00 | $ 1.00 | $ 5,985.00 |
| 5. ☐ | Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/21/2025**

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700476**   Calendar # **8**

Name of owner or owners: Hugo Guerrero

Address: 370 MAIN ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section **62** Block **050** Lot **0148**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☒ Disqualified (check appropriate box below)
   a. ☐ More than three family
   b. ☒ Not owner-occupied
   c. ☐ Property not used exclusively for residential purposes
   d. ☐ Cooperative
   e. ☐ Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. ☐ Did not file with Board of Assessment Review
   g. ☐ Did not file within 30 days of filing of final roll
   h. ☐ Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. ☐ No Change in Assessment | Taxable | $_____ | $_____ | $_____ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $_____ | $_____ | $_____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

RPTL730  Form #UCS  901,  Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held  **02/21/2025**                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:_____**NASSAU**_____ Assessment Review Filing #___**ER24700477**___ Calendar #_____**9**_____

Name of owner or owners: Domenico Ancona

Address: 48 S. BERGEN PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ____**55**____ Block ____**324**____ Lot____**0017**____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☒ Disqualified (check appropriate box below)
   - a. ☐ More than three family
   - b. ☒ Not owner-occupied
   - c. ☐ Property not used exclusively for residential purposes
   - d. ☐ Cooperative
   - e. ☐ Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f. ☐ Did not file with Board of Assessment Review
   - g. ☐ Did not file within 30 days of filing of final roll
   - h. ☐ Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. ☐ No Change in Assessment | Taxable | $_____ | $_____ | $_____ |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $_____ | $_____ | $_____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

RPTL730    Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/21/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700478**   Calendar # **10**

Name of owner or owners: Ivan Leiva

Address: 98 WEBERFIELD AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section **55**   Block **207**   Lot **0015**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 4,272.00 | $ 1.00 | $ 4,272.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
      Costs of $ _____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                               Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700479__  Calendar # __11__

Name of owner or owners: Robert Chiarell, Michael Derison

Address: 172 PARK AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __200__ Lot __0466__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,697.00 | $ 1.00 | $ 6,697.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700480__  Calendar # __12__

Name of owner or owners: Marion Long

Address: 80 W 4TH ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__  Block __064__  Lot __473-475__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 1,800.00 | $ 1.00 | $ 1,800.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                           Page 2 of 2

_____

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

_____

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties, (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700481__   Calendar # __13__

Name of owner or owners: __Nina Ellison-Greene__

Address: __175 DELAWARE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____  Section __36__   Block __520__   Lot __0020__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,696.00 | $ 5,772.00 | $ 7,696.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                              Page 2 of 2

---

## COSTS

AWARD OF COSTS (Check if applicable)

　　Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700482__  Calendar # __14__

Name of owner or owners: __Charles Davis, Sharon Smith-Davis__

Address: __34 MAXON AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____  Section __54__  Block __054__  Lot __0271__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 9,000.00 | $ 6,750.00 | $ 9,000.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held __02/21/2025__                                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: ____NASSAU____  Assessment Review Filing # ___ER24700483___  Calendar # ____15____

Name of owner or owners: Jose Marte, Terelainy Regalado

Address: 22 AGNES ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___55___ Block ___390___ Lot ___168-169___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [x] No Change in Assessment | Taxable | $ 5,300.00 | $ 1.00 | $ 5,300.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                        Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                             Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700484__   Calendar # ___16___

Name of owner or owners: Yvonne Johnson

Address: 280 W SEAMAN AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___36___ Block ___330___ Lot ___130,429___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,902.00 | $ 1.00 | $ 6,902.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties, (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                                  Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__   Assessment Review Filing #__ER24700485__  Calendar #____17____

Name of owner or owners: __Mary Belle__

Address:__75 VIRGINIA AVE__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____Section ____54____ Block ____488____ Lot____0009____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,796.00 | $ 1.00 | $ 6,796.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.   At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/21/2025**                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700486**   Calendar # **18**

Name of owner or owners: Jacqueline Yates-Thomas

Address: 33 HOWARD AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62**    Block **C**    Lot **416-417,457**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,100.00 | $ 1.00 | $ 5,100.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # __ER24700487__  Calendar # ____19____

Name of owner or owners: Jon Pepe, Sheri Pepe

Address: 6 WEST SECOND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___062___ Lot ___242-244,338___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,500.00 | $ 5,625.00 | $ 7,500.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700488___  Calendar #___20___

Name of owner or owners:___Gerard Devlin, Marina Koletis___

Address:___154 West End Avenue___

City/State/Zip Code:___FREEPORT, NY 11520___

Assessing Unit:___Freeport Village Of___

Tax Map#_____Section ___54___  Block ___319___  Lot___119-120___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 8,250.00 | $ 6,187.50 | $ 7,960.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

The sale of the subject, establishes a market value of 737,000
which equates to an AV of  7960.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700489__  Calendar # ___21___

Name of owner or owners: Michael Leccese

Address: 155 WESTSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__  Block __034__  Lot __0111__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,400.00 | $ 1.00 | $ 7,400.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/21/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700490**    Calendar # **22**

Name of owner or owners: Oscar Luna

Address: 265 WALLACE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55**    Block **386**    Lot **0163**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. ☐ | Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ | Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ | No Change in Assessment | Taxable | $ 5,500.00 | $ 1.00 | $ 5,500.00 |
| 5. ☐ | Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
　　　Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___   Assessment Review Filing #___ER24700491___  Calendar #___23___

Name of owner or owners:_Mohammed Khan_

Address:_129 CASINO ST_

City/State/Zip Code:_FREEPORT, NY 11520_

Assessing Unit:_Freeport Village Of_

Tax Map#_____Section ___62___  Block ___072___  Lot ___0537___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a. More than three family
    b. Not owner-occupied
    c. Property not used exclusively for residential purposes
    d. Cooperative
    e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f. Did not file with Board of Assessment Review
    g. Did not file within 30 days of filing of final roll
    h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 8,250.00 | $ 6,187.50 | $ 8,250.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                   Page 2 of 2

---

## COSTS

AWARD OF COSTS (Check if applicable)
      Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties, (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700492**   Calendar # **24**

Name of owner or owners: Robert Maltz

Address: 55 ATLANTIC AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section **62**   Block **029**   Lot **0033**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☒ Disqualified (check appropriate box below)
   a. ☐ More than three family
   b. ☒ Not owner-occupied
   c. ☐ Property not used exclusively for residential purposes
   d. ☐ Cooperative
   e. ☐ Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. ☐ Did not file with Board of Assessment Review
   g. ☐ Did not file within 30 days of filing of final roll
   h. ☐ Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. ☐ No Change in Assessment | Taxable | $_____ | $_____ | $_____ |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $_____ | $_____ | $_____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700493__  Calendar # __25__

Name of owner or owners: Olga Weiss, Adam Alvarez

Address: 56 DELAWARE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __052__ Lot __0277__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☒ Disqualified (check appropriate box below)
   a. ☐ More than three family
   b. ☒ Not owner-occupied
   c. ☐ Property not used exclusively for residential purposes
   d. ☐ Cooperative
   e. ☐ Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. ☐ Did not file with Board of Assessment Review
   g. ☐ Did not file within 30 days of filing of final roll
   h. ☐ Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☐ No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                   Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                      Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700494__   Calendar # __26__

Name of owner or owners: Robert Giannuzzi, Gloria Giannuzzi

Address: 58 E 2ND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__   Block __196__   Lot __0031__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,700.00 | $ 1.00 | $ 6,700.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                              Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700495__   Calendar # __27__

Name of owner or owners: __Shalisa Ali__

Address: __60 MADISON AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __085__   Lot __0143__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,663.00 | $ 6,187.50 | $ 7,663.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

The property was reduced from 8250 to 7663 at SCAR for the 2023/24 year.  Due to the timing of the 2023/24 SCAR hearing, the reduction did not carry over to the 2024/25 final roll. The parties have now agreed to carry the reduction over to the 2024/25 roll and there shall be no moratorium for the 2025/26 tax year.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700496__   Calendar # __28__

Name of owner or owners: __Jude Adrien, Rose Lopcean__

Address: __173 WHALEY ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __134__   Lot __0013__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,100.00 | $ 1.00 | $ 6,100.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

The sale of the subject on 02/15/2023    establishes a market value of $640,000 which equates to an AV of  6912   .

Signature

RPTL730  Form #UCS  901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700497___  Calendar #___29___

Name of owner or owners:_Aalia Rafique_____

Address:_65 W 2nd St_____

City/State/Zip Code:_FREEPORT, NY 11520_____

Assessing Unit:_Freeport Village Of_____

Tax Map#_____Section ___62___ Block ___062___ Lot ___0342___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 8,085.00 | $ 6,063.75 | $ 8,085.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                             Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700498__   Calendar # __30__

Name of owner or owners: Johanny Ramirez De Bisono

Address: 137 JAY ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __258__ Lot __0237__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [  ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 7,500.00 | $ 5,625.00 | $ 6,508.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

The sale of the subject on 02/11/2022  establishes a market value of $602,550
which equates to an AV of  6508   .

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700499__  Calendar # __31__

Name of owner or owners: Joseph Crisci

Address: 14 HOWARD AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__  Block __106__  Lot __0423__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 4,645.00 | $ 1.00 | $ 4,645.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730    Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/21/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700500**   Calendar # **32**

Name of owner or owners: Mark Schnidman, Katherine Schnidman

Address: 17 MAY CT

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54**   Block **317**   Lot **0181**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,360.00 | $ 1.00 | $ 5,360.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__  Assessment Review Filing #__ER24700501__  Calendar #__33__

Name of owner or owners:__Olga Weiss, Adam Alvarez__

Address:__11 MAYFAIR CT__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____ Section __54__ Block __B__ Lot __0555__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,000.00 | $ 1.00 | $ 6,000.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700502__  Calendar # __34__

Name of owner or owners: Desmond Smith, Carmen Smith

Address: 34 WEST SECOND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __062__ Lot __257__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 8,950.00 | $ 6,712.50 | $ 8,950.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
       Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010)).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700503__  Calendar # __35__

Name of owner or owners: Christly Mentor, Jessica Mentor

Address: 105 SOUTH BAY AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __147__ Lot __7,510__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,526.00 | $ 1.00 | $ 6,526.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__               Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700504__   Calendar # __36__

Name of owner or owners: Sadana Singh

Address: 181 EAST AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __084__ Lot __0004__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   - a. More than three family
   - b. Not owner-occupied
   - c. Property not used exclusively for residential purposes
   - d. Cooperative
   - e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f. Did not file with Board of Assessment Review
   - g. Did not file within 30 days of filing of final roll
   - h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 4,900.00 | $ 1.00 | $ 4,900.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS  901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/21/2025__                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700505__  Calendar # __37__

Name of owner or owners: __Ubaldo Rodriguez__

Address: __25 JOHNSON PL__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__  Block __320__  Lot __0133__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,750.00 | $ 1.00 | $ 6,750.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700506__  Calendar # __38__

Name of owner or owners: Louise Mancuso

Address: 289 SOUTH OCEAN AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __112__ Lot __0010__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,670.00 | $ 1.00 | $ 6,670.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application:  Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation.  In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it.  In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation:  ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it.  Petitioner responded that a 17% reduction in assessment would be realized in each instance.  The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes".  The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment.  At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court.  At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise.  As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)).  Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)).  To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property.  In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department.  Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment.  Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property  assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/21/2025**                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700507**    Calendar # **39**

Name of owner or owners: Patricia Verni

Address: 119 GARFIELD ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62**    Block **091**    Lot **300,301**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,341.00 | $ 1.00 | $ 6,341.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/21/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700508__  Calendar # __40__

Name of owner or owners: Ramon Guzman

Address: 37 RAYNOR ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __047__ Lot __0005__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 3,225.00 | $ 1.00 | $ 3,225.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On 21 February 2025, a Small Claims Assessment Review Hearing (hereinafter referred to as "SCAR") pursuant to Real Property Tax Law § 730 (hereinafter referred to as "RPTL") convened in which Petitioner grieves the property tax assessment as either unequal or excessive with respect to the real property referred to in the Petition (hereinafter referred to as the "subject property").

The following documents were reviewed and read in support of and in opposition to the Petitioner's SCAR application: Memorandum of Law in Support of Using the Assessor's Market Values and the Residential Assessment Ratio (hereinafter referred to as "RAR") in Determining SCAR Cases with attached exhibits; Petitioner's Reply Memorandum of Law (submitted post SCAR Hearing); and the Village of Freeport's 2024 Final Tax Roll which included the Petitioner's proposed calculation. In opposition to the SCAR application, the Village of Freeport (hereinafter referred to as "Respondent") submitted: Memorandum of Law in Support of Village of Freeport's Assessment, and correspondence (submitted post SCAR Hearing); and separate reports to establish the value of each of the subject properties through a comparable sales analysis.

Upon commencement of the SCAR Hearing and prior to any discussion of each of the specific cases, the Petitioner, in support of its position, opened with a presentation, which was, inter alia, a verbal summary of its contentions advanced in its Memorandum of Law and an explanation of a proposed calculation that it now asks the court to accept and apply in determining the SCAR applications before it. In essence, Petitioner requests that reduction in assessments be awarded based upon the following: 1) Petitioners have relied upon the full market values set forth by the Village Assessor; 2) that both Petitioner and Respondent are relying upon the RAR of 1.08%; and 3) that reductions in assessments be based upon the following proposed calculation: ASSESSED VALUE = VILLAGE FULL MARKET VALUE x .0108.

During the presentation, inquiry by the court was made of the Petitioner with regard to, inter alia, of what the consequence of adopting and applying the calculation it proposed would be on the SCAR applications before it. Petitioner responded that a 17% reduction in assessment would be realized in each instance. The court sought further clarity and confirmation inquiring, "in effect, does the application of the proposed computation result in a flat rate, the exact same rate of reduction in assessment for the specific population of each of subject properties before it for review without an independent comparable sales analysis and an independent evaluation and analysis of the applicable factors typically reviewed on a case by case basis in SCAR Hearings?" to which the Petitioner responded, "yes". The court followed up further, "And, if the proposed calculation was not adopted and applied, what would the likely result be?" to which Petitioner responded, "no change" in assessment. At the conclusion of the presentation and further discussion, Petitioner submitted the Village of Freeport's 2024 Final Tax Roll which included a column with the Petitioner's proposed calculation as applied to each of the individual cases.

In opposition, Respondent contends, inter alia, during the SCAR hearing and in its Memorandum of Law that: Petitioner's novel argument is a violation of NYS law and would completely diminish and undercut the equal and fair equal assessment system; "the best evidence" is presented on a case by case basis and has no precedential value beyond the real property owners assessment, (Yeung v. Village of Great Neck Estates, 80 Misc.3d 941 (2023)); the statutory framework in place under New York State law allows a hearing officer to look at each individual grievance separately and determine on an individual basis if that owner was disproportionately assessed in relation to the value of their property. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); New York State law affords residential real property owners the ability to present comparables as a means of challenging their assessments in an attempt to prove over or under assessments. (See: Matter of Pace v Assessor of Town of Islip, 252 A.D.2d 88 (1998)); and that the proper venue for Petitioner to make their argument is the New York State legislature, not a SCAR hearing before the Court. At the conclusion of the Petitioner's presentation and further discussion, the Respondent submitted separate reports to establish the value of each of the subject properties through a comparable sales analysis.

The premise from which we are working within the context of a SCAR Hearing is that the assessment is presumed to be correct unless proven otherwise. As such, the burden of proof shifts to the Petitioner to prove that the assessment is either an excessive or unequal assessment by "credible and substantial evidence." (Matter of Lauer v. Board of Assessors, 51 AD3d 926, 927 (2008)). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact.", (Matter of FMC Corp. v. Unmack, 92 NY2d 179, 187-188 (1998)). To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of the real property. In Matter of Pace, the Appellate Division, Second Department stated that "(f)ull market value may be established by such methods as proof of a recent purchase price of the property, a professional appraisal, or proof of the sales price or appraised values of comparable properties", (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v. Department of Assessment, 149 AD3d 935 (2017); Matter of Bassett v. Manilus, 145 AD3d 1636 (2016); Matter of Greenfield v. Town of Babylon Department of Assessment, 76 AD3d 1071 (2010); Matter of Sass v. Town of Brookhaven, 73 AD3d 785 (2010).

Here, Petitioner, inter alia, failed to prove the subject property's full market value through the use of one of the established acceptable methods referred to above by the Appellate Division, Second Department. Rather than submitting independent proof of full market value in order to satisfy its burden, Petitioner elected to deviate from such acceptable methods, which are typical in establishing the full market value of the real property and to rely solely upon a proposed calculation it submitted for the court's consideration in determining the outcome of its SCAR application.

After giving due consideration to all arguments and evidence submitted by both Petitioner and Respondent, the court finds that Petitioner failed to submit independent evidence sufficient to overcome the legislative presumption of validity of the assessment. Accordingly, Petitioner's request that a reduction in assessment be awarded based solely upon the proposed calculation it submitted to the court for its adoption and application is denied and the real property assessment remains unchanged.

Signature

**2025 DECISIONS BY HEARING OFFICER ALAMIA**

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700151__  Calendar # _____

Name of owner or owners: Sandra Manfrellotti

Address: 165 WHALEY ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___134___ Lot ___0015___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,200.00 | $ 1.00 | $ 7,200.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.


The subject property is presently assessed at $7200

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 1, 4 and the Respondent's adjusted comparable sale(s) #'(s)  2,5 which establish a value in excess of the current assessed value. The Petitioner has not established the right to a reduction in this case.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____ Assessment Review Filing #___ER24700152___ Calendar #_____

Name of owner or owners: Brizaura Rodriguez

Address: 55 RAY ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ____62____ Block ____086____ Lot____0003____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,343.00 | $ 1.00 | $ 7,343.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $7343

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner 's adjusted comparable sale(s) 2,4 and the Respondent's adjusted comparable sale(s) #'(s)  2,3 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS  901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700153__  Calendar # _____

Name of owner or owners: Danielle Cavalier

Address: 10 BEVERLY PKWY

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___54___ Block ___459___ Lot ___0021___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,244.00 | $ 1.00 | $ 6,244.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is October 1, 2023.


The subject property is presently assessed at $6244

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 3 and the Respondent's adjusted comparable sale(s) #'(s)  2,3 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__            Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700154__   Calendar # _____

Name of owner or owners: __Aderlin Cepeda__

Address: __97 DEHNHOFF AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __246__   Lot __156-157__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,000.00 | $ 1.00 | $ 6,000.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____     are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6000

Reduction: denied

The sale of the subject on 09/06/2022 establishes a market value of $570,000 which equates to an AV of 6156.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU    Assessment Review Filing #  ER24700155   Calendar # _____

Name of owner or owners: Sandrea Thomas, Joseph Douyon

Address: 2 WILLOWBROOK LN

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section  36  Block  520  Lot  0008

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,825.00 | $ 1.00 | $ 6,825.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).

Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6825

Reduction: denied

The sale of the subject on 09/06/2022 establishes an AV greater than the present assessment.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700156__   Calendar # _____

Name of owner or owners: __Pauline Cooper__

Address: __621 S BAYVIEW AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __038__   Lot __616-617,702__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [X] Unequal Assessment | Total Assessment | $ 6,050.00 | $ 1.00 | $ 5,876.00 |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

<hr>

COSTS

AWARD OF COSTS (Check if applicable)
☐ Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

<hr>

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

Reduction: granted
Current AV: $ 6050

Placing greater weight on those sales which most closely approximate the valuation date, GLA, lot size, style and location, the average of the Petitioner's adjusted comparable sale(s)#'s  2,4 and the Respondent's adjusted comparable sale(s) #'s 1,3 establish Petitioner's entitlement to a reduced AV of    $5876.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700158__    Calendar # _____

Name of owner or owners: __Louis Benevento__

Address: __77 PROSPECT ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __187__ Lot __98-99__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☒ Unequal Assessment | Total Assessment | $ 6,923.00 | $ 1.00 | $ 6,704.00 |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6923

Reduction: granted

Placing greater weight on those sales which most closely approximate the valuation date, GLA, lot size, style and location, the average of the Petitioner's adjusted comparable sale # 5 and the Respondent's adjusted comparable sale(s) #'s 1,3 establish Petitioner's entitlement to a reduced AV of  $6704

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/13/2025**                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700159**   Calendar # _____

Name of owner or owners: Maryse Cadet

Address: 306 S BROOKSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54** Block **524** Lot **0036**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  | | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [ ] | Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment | Taxable | $ 6,150.00 | $ 1.00 | $ 6,150.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730 Form #UCS 901, Rev 12/2014

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief. RPTL §732 (2).

Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments. This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is October 1, 2023.

The subject property is presently assessed at $6150

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 1 and the Respondent's adjusted comparable sale(s) #'(s) 2 which establish a value in excess of the current assessed value (6273). Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                               Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700161__ Calendar # _____

Name of owner or owners: Malchan Ganesh, Preyadarshane Gobin

Address: 348 ROOSEVELT AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___156___ Lot ___9,746___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☒ Unequal Assessment | Total Assessment | $ 7,090.00 | $ 1.00 | $ 7,017.00 |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.


The subject property is presently assessed at $7090

Reduction: granted

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 2,5 and the Respondent's adjusted comparable sale(s) #'(s)  1,2 which establish an assessed value of 7017. Therefore, Petitioner has established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                                      Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700162__  Calendar # _____

Name of owner or owners: Jose Vasquez, Elsa Manzo

Address: 314 SOUTH LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __131__ Lot __0003__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a. More than three family
    b. Not owner-occupied
    c. Property not used exclusively for residential purposes
    d. Cooperative
    e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f. Did not file with Board of Assessment Review
    g. Did not file within 30 days of filing of final roll
    h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,476.00 | $ 1.00 | $ 5,476.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $5476

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 3,4 and the Respondent's adjusted comparable sale(s) #'(s)  1,4 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/13/2025     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700163__ Calendar # _____

Name of owner or owners: Anthony Mitchell, Dorothy Gooding

Address: 130 SAINT MARKS AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __142__ Lot __0010__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,625.00 | $ 1.00 | $ 5,625.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief. RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments. This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is October 1, 2023.

The subject property is presently assessed at $5625

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 2,3,5 and the Respondent's adjusted comparable sale(s) #'(s) 5 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700164__   Calendar # _____

Name of owner or owners: __Ernest Susco__

Address: __275 WESTSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __034__   Lot __0173__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,983.00 | $ 1.00 | $ 6,983.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                               Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  January 2, 2023.


The subject property is presently assessed at $6983

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 2 and the Respondent's adjusted comparable sale(s) #'(s)  1 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/13/2025**                 Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700165**    Calendar # **15**

Name of owner or owners: Colin Allen, Frances Jeffrey-Allen

Address: 374 LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____    Section **55**    Block **397**    Lot **0242**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [X] | Unequal Assessment | Total Assessment | $ 6,390.00 | $ 1.00 | $ 6,084.00 |
| 3. [ ] | Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [ ] | No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] | Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.


The subject property is presently assessed at $6390

Reduction: granted

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale 4 and the Respondent's adjusted comparable sales 4,5 which establishes a lower value than the current assessed value (6084). Therefore, Petitioner has established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700166__   Calendar # _____

Name of owner or owners: __Jose Alarcon__

Address: __237 SOUTH BROOKSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __208__ Lot __238-239,262__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 4,208.00 | $ 1.00 | $ 4,208.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $4208

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner 's adjusted comparable sale(s) 1 and the Respondent's adjusted comparable sale(s) #'(s)  1 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # ____ER24700167____ Calendar # _____

Name of owner or owners: Oscar Cedillos

Address: 659 MILLER ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section _____62_____ Block _____180_____ Lot _____0416_____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☐ No Change in Assessment | Taxable | $ 6,300.00 | $ 1.00 | $ 6,300.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6300

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 1,4 and the Respondent's adjusted comparable sale(s) #'(s)  1,3 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/13/2025**                            Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700168**    Calendar # _____

Name of owner or owners: Bernabe Orpilla

Address: 35 ANN DR E

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **203** Lot **0023**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,695.00 | $ 5,771.25 | $ 7,695.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                     Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $7695

Reduction: denied

"As a general rule, an actual sale at arm's length, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the Court to engage in speculation" (Matter of Ciorra v The Board of Assessors and the Assessment Review Commission of the County of Nassau, Index No. 08-5301, Sup. Ct., Nass. Co., [Spinola, J.]).  In this case, the petitioner purchased the subject property for $845,000 on 10/19/23 approximately 2 months before / after the taxable status date of 01/01/24.  When the petitioner's subject sale is adjusted for time, it indicates a market value which exceeds the assessed market value.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/13/2025**          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700169**   Calendar # _____

Name of owner or owners: Marcia Rochester

Address: 143 WALLACE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55** Block **384** Lot **0051**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,164.00 | $ 1.00 | $ 5,164.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
      Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $5164

Requested Reduction is denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale 3  and the Respondent's adjusted comparable sale 1, which establish a value in excess of the current assessed value. The Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700170__   Calendar # _____

Name of owner or owners: __Rosemary Hughes__

Address: __708 S LONG BEACH AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __156__ Lot __25-26__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   - a. More than three family
   - b. Not owner-occupied
   - c. Property not used exclusively for residential purposes
   - d. Cooperative
   - e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f. Did not file with Board of Assessment Review
   - g. Did not file within 30 days of filing of final roll
   - h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [X] Unequal Assessment | Total Assessment | $ 6,750.00 | $ 1.00 | $ 6,567.00 |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief. RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments. This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6750

Requested Reduction is granted

Placing greater weight on those sales which most closely approximate the valuation date, GLA, lot size, style and location, the average of the Petitioner's adjusted comparable sale(s)# 3 and the Respondent's adjusted comparable sale(s) # 1 establish Petitioner's entitlement to a reduced AV of $6567.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/13/2025                           Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU          Assessment Review Filing # ER24700172   Calendar #_____

Name of owner or owners: Merkeide Garcia

Address: 46 WEBERFIELD AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section    55    Block    208    Lot    0135

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
 a. More than three family
 b. Not owner-occupied
 c. Property not used exclusively for residential purposes
 d. Cooperative
 e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
 f. Did not file with Board of Assessment Review
 g. Did not file within 30 days of filing of final roll
 h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [X] Unequal Assessment | Total Assessment | $ 5,430.00 | $ 1.00 | $ 5,347.00 |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                       Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $5430

Requested Reduction is granted

Placing greater weight on those sales which most closely approximate the valuation date, GLA, lot size, style and location, the average of the Petitioner's adjusted comparable sale(s)# 3 and the Respondent's adjusted comparable sale(s) # 1 and 4 establish Petitioner's entitlement to a reduced AV of $5347.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/13/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700173**   Calendar # _____

Name of owner or owners: Myrtle Walcott

Address: 548 SOUTHSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____   Section **54**   Block **299**   Lot **0292**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐  Disqualified (check appropriate box below)
  a.    More than three family
  b.    Not owner-occupied
  c.    Property not used exclusively for residential purposes
  d.    Cooperative
  e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
  f.    Did not file with Board of Assessment Review
  g.    Did not file within 30 days of filing of final roll
  h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,360.00 | $ 1.00 | $ 6,360.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).

Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6360

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 1 and the Respondent's adjusted comparable sale(s) #'(s)  1,3 which establish a value in excess of the current assessed value. The Petitioner has not established the right to a reduction in this case.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                                         Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700174__   Calendar # _____

Name of owner or owners: __Breneth Downie, Keisha Walker__

Address: __63 COLUMBUS AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__ Block __230__ Lot __249-250__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,120.00 | $ 1.00 | $ 6,120.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____   are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6120

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner 's adjusted comparable sale(s) 4,5 and the Respondent's adjusted comparable sale(s) #'(s)  1,2 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700175__   Calendar # _____

Name of owner or owners: __Maricela Gamboa__

Address: __15 PIERREPONT ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __056__   Lot __0009__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [X] Unequal Assessment | Total Assessment | $ 6,500.00 | $ 1.00 | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).

Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $6500

Reduction: granted

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 2,4,5 and the Respondent's adjusted comparable sale(s) #'(s)  1,2 which establishes a lower value than the current assessed value (6346). Therefore, Petitioner has established the right to a reduction in this case.

Signature

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                            Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
☐ Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $7125

Requested Reduction is GRANTED

"As a general rule, an actual sale at arm's length, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the Court to engage in speculation" (Matter of Ciorra v The Board of Assessors and the Assessment Review Commission of the County of Nassau, Index No. 08-5301, Sup. Ct., Nass. Co., [Spinola, J.]).  In this case, the petitioner purchased the subject property for $599,999 on 10/29/2021 approximately 23 months before / after the taxable status date of 10/1/23.  This sale The sale of establishes a market value of $ 599,999 which equates to an AV of  6479.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700177__  Calendar # _____

Name of owner or owners: __Natasha Christian__

Address: __128 INDEPENDENCE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __366__   Lot __768-769__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment   Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment   Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment   Taxable | $ 4,691.00 | $ 1.00 | $ 4,691.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is October 1, 2023.

The subject property is presently assessed at $4691

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner's adjusted comparable sale(s) 1,2 and the Respondent's adjusted comparable sale(s) #'(s) 1,4,5 which establish a value in excess of the current assessed value. Therefore, Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                            Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700179__  Calendar # _____

Name of owner or owners: __Amanda Lee__

Address: __383 ARCHER ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__  Block __306__  Lot __0026__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,593.00 | $ 5,694.75 | $ 7,593.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $7593

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is the average of the Petitioner 's adjusted comparable sale(s) 2 and the Respondent's adjusted comparable sale(s) #'(s)  2, which establish a value in excess of the current assessed value. The Petitioner has not established the right to a reduction in this case.

Signature

RPTL730  Form #UCS 901, Rev 12/2014                              Maidenbaum Property Tax Reduction Group,
                                                                                          Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/13/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700180___ Calendar #_____

Name of owner or owners:__Ellen Sollitto-Fegan__

Address:__236 A WEST SIDE AVE__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____ Section __62__ Block __235__ Lot __17-18__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,581.00 | $ 1.00 | $ 5,581.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 13, 2025 a SCAR hearing was held in which the Petitioner challenged the Residential Assessment Ratio (RAR) of .0108 set by Office of Real Property Tax Services (ORPTS) for use by the Village of Freeport to determine the Equalized Value of Petitioner's Real Property. The Petitioner states the correct Residential Assessment Ratio (RAR) for the Village of Freeport to be .0099. It is well settled that Petitioner has the burden to prove they are entitled to their requested relief.  RPTL §732 (2).
Having reviewed the evidence submitted, as well as applicable statutes and caselaw, I find Respondent's argument persuasive. Granting the relief requested would lead to different ratios for similarly situated properties. In the ORPTS Publication submitted by Petitioner it is stated that the ideal state in an equitable property tax system is accurate and uniform assessments.  This Hearing Officer believes the ORPTS and the legislature are in a better position to establish that equitable property tax system, and that the correct RAR in this case is the one promulgated by ORPTS.

Therefore the proper RAR is .0108

The market valuation date is  October 1, 2023.

The subject property is presently assessed at $7593

Reduction: denied

The best evidence, as to the value of the subject property close in time to the valuation date, is Respondent's adjusted comparable sale # 2, which establish a value in excess of the current assessed value (6033). The Petitioner has not established the right to a reduction in this case.

Signature

**2025 DECISIONS BY HEARING OFFICER MOSELEY**

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/26/2025**              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700438**    Calendar # **1**

Name of owner or owners: Paul Snyder, Deirdre Snyder

Address: 162 MEISTER BLVD

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section **54** Block **330** Lot **0079**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,650.00 | $ 5,737.50 | $ 7,650.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value (" FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio      (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/26/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700439__  Calendar # __2__

Name of owner or owners: Lucero Ardiles De La Cruz

Address: 127 LILLIAN AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __372__ Lot __122-123__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment    Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment    Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment    Taxable | $ 4,700.00 | $ 1.00 | $ 4,700.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value (" FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__  Assessment Review Filing #__ER24700441__  Calendar #__3__

Name of owner or owners: __Marvolie Stennett__

Address: __206 WESTSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map#_____ Section __62__ Block __032__ Lot __208-210__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

#### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,020.00 | $ 1.00 | $ 5,020.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                   Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value (" FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700445__   Calendar # __6__

Name of owner or owners: __Michael Werner, Helen Werner__

Address: __88 OVERTON ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __097__   Lot __0364__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 3,709.00 | $ 1.00 | $ 3,709.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                   Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: ___NASSAU___  Assessment Review Filing # ___ER24700446___  Calendar # ___7___

Name of owner or owners: __Ianthe Zinn, Holly Peterson__

Address: __27 ONSLOW PL__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __306__ Lot __0122__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,500.00 | $ 1.00 | $ 6,500.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value (" FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700448___  Calendar #___9___

Name of owner or owners: Nancy Barrett

Address: 165 GORDON PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section ___62___  Block ___092___  Lot ___392-395___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a. More than three family
    b. Not owner-occupied
    c. Property not used exclusively for residential purposes
    d. Cooperative
    e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f. Did not file with Board of Assessment Review
    g. Did not file within 30 days of filing of final roll
    h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,120.00 | $ 1.00 | $ 7,120.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value (" FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio      (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/26/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700449__    Calendar # __10__

Name of owner or owners: Nancy Schultz

Address: 904 S LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __156__ Lot __555-556__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,985.00 | $ 1.00 | $ 5,985.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                     Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700450__    Calendar # __11__

Name of owner or owners: __Valerie Nicolino__

Address: __557 SOUTHSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __524__ Lot __0096__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,162.00 | $ 1.00 | $ 5,162.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___ Assessment Review Filing #___ER24700452___ Calendar #___14___

Name of owner or owners: Cheryl Parris

Address: 64 IRVING AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ___54___ Block ___336___ Lot___0118___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,240.00 | $ 1.00 | $ 7,240.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

## COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.
Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700453__   Calendar # __15__

Name of owner or owners: __Frank Carillo__

Address: __17 W  2ND ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __062__   Lot __0126__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,500.00 | $ 1.00 | $ 5,500.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                              Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg, LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.

Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700454__   Calendar # __16__

Name of owner or owners: __Doris Gumbs__

Address: __92 VIRGINIA AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __457__   Lot __0004__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,828.00 | $ 5,871.00 | $ 7,828.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901,  Rev 12/2014                                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____  Assessment Review Filing #___ER24700455___ Calendar #_____17_____

Name of owner or owners:_Carlotta Woodson_

Address:_17 NEW YORK AVE_

City/State/Zip Code:_FREEPORT, NY 11520_

Assessing Unit:_Freeport Village Of_

Tax Map#_____Section ____54____ Block ____058____ Lot_____209-212_____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,912.00 | $ 5,934.00 | $ 7,912.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/26/2025                         Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU        Assessment Review Filing #  ER24700456    Calendar #        18

Name of owner or owners: Eric Mathison

Address: 31 ANN DR E

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section  62     Block  203     Lot  0021

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,765.00 | $ 1.00 | $ 6,765.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.

Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/26/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700457__  Calendar # __19__

Name of owner or owners: Marcos Torres, Luz Torres

Address: 11 MOUNT JOY AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __393__ Lot __0427__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 4,862.00 | $ 1.00 | $ 4,862.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg, LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/26/2025**

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700459**   Calendar # **21**

Name of owner or owners: Juan Martinez

Address: 255 RUTLAND RD

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55**   Block **374**   Lot **1158-1159**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   - a. More than three family
   - b. Not owner-occupied
   - c. Property not used exclusively for residential purposes
   - d. Cooperative
   - e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f. Did not file with Board of Assessment Review
   - g. Did not file within 30 days of filing of final roll
   - h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,093.00 | $ 1.00 | $ 5,093.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                                          Page 2 of 2

---

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg, LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.
Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700461__   Calendar # __22__

Name of owner or owners: __Diane Battaglia__

Address: __262 SOUTH BROOKSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __524__   Lot __0045__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,430.00 | $ 1.00 | $ 5,430.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio     ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.
Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___ Assessment Review Filing #___ER24700462___ Calendar #___24___

Name of owner or owners:__Gregory Harrison, Pariss Harrison__

Address:__10 ANN DR__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____Section ___62___ Block ___204___ Lot___0004___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,430.00 | $ 1.00 | $ 5,430.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

___

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

___

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/26/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700463**   Calendar # **25**

Name of owner or owners: Francisco Santiago Vicente

Address: 2 FRANKEL AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54**   Block **209**   Lot **0144**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,400.00 | $ 1.00 | $ 5,400.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg, LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion. Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                           Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700465__    Calendar # __27__

Name of owner or owners: __Bibi Eng__

Address: __32 HAMILTON ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __178__ Lot __0497__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,571.00 | $ 1.00 | $ 6,571.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio      ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.
Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/26/2025                                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:    NASSAU        Assessment Review Filing #   ER24700466    Calendar #      28

Name of owner or owners: Eileen Spade

Address: 81 PROSPECT ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section ____62____ Block ____187____ Lot ____102,103____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. | [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. | [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. | [X] No Change in Assessment | Taxable | $ 7,500.00 | $ 5,625.00 | $ 7,500.00 |
| 5. | [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                           Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio      (" RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value  (" AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.
Therefore, the petition is denied and therefore no change is warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/26/2025__                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700467__   Calendar # __29__

Name of owner or owners: __Pastor Mata__

Address: __128 N GROVE ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __263__   Lot __0023__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,202.00 | $ 1.00 | $ 6,202.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Petitioner, an owner of real property, filed a petition claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive pursuant to RPTL 730.

On February 26, 2025, a hearing convened before the undersigned in which Petitioner, represented by Maidenbaum & Stermberg,LLP and Respondent, represented by agents of the Village of Freeport ("the Village"), appeared. Petitioner seeks to assess the subject property by applying the Full Market Value ("FMV") established in the Village's 2024 Final Assessment Roll ("assessment roll") and multiplying such number by the Residential Assessment Ratio ("RAR'), of 1.08% established by the Office of Real Property Tax Services ("ORTPS"). Respondent does not contest the applicable RAR.

In support, Petitioner submits, among other things, a copy of the page from the Village's assessment roll, which lists the subject properties assessed value ("AV") and FMV. Petitioner further submits a Memorandum of Law which has annexed thereto exhibits in support of Petitioner's contentions including but not limited to documents relating to the role of an assessor.

Petitioner contends that the Village cannot challenge its own FMV established by the village's assessor. Petitioner contends that the Village used an uniform percentage of value/equalization rate of 1.30% for the assessment roll, as required by RPTL 305, to establish the FMV of the property. Petitioner contends that the equalization rate for the 2024 assessment roll was in fact 1.22% but it is in the discretion of the assessor as to what percentage is utilized. Petitioner contends that the Village's argument that the FMV on the assessment roll is not the correct FMV for the property is misplaced. Petitioner contends that the Village has had the opportunity to correct any errors on their assessment roll and the FMV determined is deemed correct. Petitioner contends that the FMV of the subject property, which appears on the assessment roll, multiplied by the RAR, is the correct AV to be applied in this proceeding.

In opposition, Respondent submits a Memorandum of Law opposing Petitioner's request. Respondent contends that the FMV on the assessment roll for the subject property is determined by taking the AV and dividing it by the uniform percent of value/equalization rate of 1.30%. Respondent contends that the FMV on the roll is utilized for taxing purposes and not to determine the true FMV. Respondent contends that Petitioner's request is in violation of New York State Law. Respondent contends that it is improper for Petitioner to promulgate an entirely new formula for a specific number of taxpayers. Respondent contends that this would create an unfair and unequal assessment of properties in the Village. Respondent contends that Petitioner lacks standing to change the formula utilized under State law for tax assessments. Further, Respondent contends that the Village is entitled to a legislative presumption of validity and Petitioner has failed to submit evidence to the contrary.

It is well settled that, "a SCAR petitioner has the burden of proving excessive or unequal assessment (see Yee v Town of Orangetown, 76 AD3d 104 [2d Dept 2010] citing to Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509) (see also RPTL 732[2]). The homeowner must first prove the full market value of real property (see Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998]). Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (id.)

Here, Petitioner has failed to meet its burden by presenting credible and substantial evidence to prove a reduction is warranted. Essentially, Petitioner contends they are entitled to a reduction because they have calculated an alternative full market value using a different formula than what is used for all other houses in the Village. Allowing each homeowner to choose their own formula as Petitioner seeks to do would undermine the primary goal of SCAR proceedings, which is avoid the "unequal assessment" of properties on the same assessment roll. To the degree Petitioner seeks to challenge the formula used by the Village, the evidence presented here does not demonstrate that the Village's failure to use Petitioner's alternative formula was an abuse of the assessor's discretion.Therefore, the petition is denied and therefore no change is warranted.

Signature

**2025 DECISIONS BY HEARING OFFICER POPP**

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700181__  Calendar # __1__

Name of owner or owners: __Steven Gonzalez, Karen Joseph-Gonzalez__

Address: __3 VIRGINIA AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __491__ Lot __0014__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,883.00 | $ 1.00 | $ 5,883.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700182**   Calendar # **2**

Name of owner or owners: Gracie McIntyre

Address: 483 RAY ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section __54__ Block __316__ Lot __0144__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐  Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,200.00 | $ 1.00 | $ 6,200.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700184__  Calendar # __3__

Name of owner or owners: Annette Pope-Morris

Address: 227 RANDALL AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __068__ Lot __0209__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,050.00 | $ 1.00 | $ 7,050.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
       Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700185__   Calendar # __4__

Name of owner or owners: __Wendy Martin__

Address: __156 BEDELL ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __058__ Lot __0403__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,240.00 | $ 1.00 | $ 6,240.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group, Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700186**   Calendar # **5**

Name of owner or owners: Shanique Jones-Sangster, Linvan Jones

Address: 44 LESSING PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55**   Block **378**   Lot **1285-1286**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 2,547.00 | $ 1.00 | $ 2,547.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: ___NASSAU___  Assessment Review Filing # ___ER24700187___  Calendar # ___6___

Name of owner or owners: Miguel Payamps

Address: 226 PINE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___54___ Block ___082___ Lot ___0019___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 8,788.00 | $ 6,591.00 | $ 8,788.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                            Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__  Assessment Review Filing #__ER24700188__  Calendar #__7__

Name of owner or owners: Evelyn Vindell, Wilmer Vindell

Address: 118 GARFIELD ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section __62__ Block __091__ Lot __188-189__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,685.00 | $ 1.00 | $ 6,685.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                      Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                             Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700190___  Calendar #___9___

Name of owner or owners:__Kimberly Santos__

Address:__119 NASSAU AVE__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____Section ___62___  Block ___163___  Lot___339-341___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,330.00 | $ 1.00 | $ 5,330.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

---

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700191__   Calendar # __10__

Name of owner or owners: Elizabeth Tanchico

Address: 6 LAURETTE LN

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __205__ Lot __0005__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,156.00 | $ 1.00 | $ 6,156.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700192__   Calendar # __11__

Name of owner or owners: __Frank Parvis, Julie Parvis__

Address: __275 SEAMAN AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __457__   Lot __0117__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,853.00 | $ 1.00 | $ 6,853.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                              Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
      Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700193__  Calendar # __12__

Name of owner or owners: Jose Abreu, Orasthina Abreu

Address: 48 SAINT MARKS AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __141__ Lot __0101__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,504.00 | $ 1.00 | $ 5,504.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                   Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014                                  Maidenbaum Property Tax Reduction Group,
                                                                                                    Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700194__  Calendar # __13__

Name of owner or owners: Warren Taylor, Nickol Taylor

Address: 152 EAST DEAN ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __247__ Lot __117-118__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [x] No Change in Assessment | Taxable | $ 6,210.00 | $ 1.00 | $ 6,210.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700195__   Calendar # __14__

Name of owner or owners: __Regina Peters, Toeresh Peters__

Address: __64 PRESIDENT ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __086__ Lot __431-432,495__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] | Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] | No Change in Assessment | Taxable | $ 7,700.00 | $ 5,775.00 | $ 7,700.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700196__  Calendar # ___15___

Name of owner or owners: Johanne Fortune

Address: 154 SOUTH BAY AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __149__ Lot __0442__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,242.00 | $ 1.00 | $ 6,242.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730    Form #UCS  901,  Rev 12/2014                                                                              Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # ____ER24700197____  Calendar # _____16_____

Name of owner or owners: David Joseph, Enola James

Address: 384 ROSE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ____54____ Block ____207____ Lot ____0833____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,600.00 | $ 1.00 | $ 5,600.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__    Assessment Review Filing #__ER24700198__    Calendar #__17__

Name of owner or owners:__Melvin Singleton__

Address:__146 SEAMAN AVE__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____Section __55__    Block __250__    Lot __0298__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,020.00 | $ 1.00 | $ 6,020.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

## COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700199__   Calendar # __18__

Name of owner or owners: __Kerry Thompson__

Address: __174 NASSAU AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __159__ Lot __448-450__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,380.00 | $ 1.00 | $ 6,380.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700201**   Calendar # **20**

Name of owner or owners: Jarod Ottley, Shirlana Gabriel

Address: 278 SOUTH LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **130** Lot **0006**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,480.00 | $ 5,610.00 | $ 7,480.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                  Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700202**   Calendar # **21**

Name of owner or owners: Bruce Lyons

Address: 890 SOUTH LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **156** Lot **0765**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.  More than three family
    b.  Not owner-occupied
    c.  Property not used exclusively for residential purposes
    d.  Cooperative
    e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.  Did not file with Board of Assessment Review
    g.  Did not file within 30 days of filing of final roll
    h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,875.00 | $ 5,906.25 | $ 7,875.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)
Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__  Assessment Review Filing #__ER24700203__ Calendar #__22__

Name of owner or owners:__Kevin O'Brien, Lynn O'Brien__

Address:__196 BEDELL ST__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____Section ____62____ Block ____058____ Lot____0444____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.  More than three family
    b.  Not owner-occupied
    c.  Property not used exclusively for residential purposes
    d.  Cooperative
    e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.  Did not file with Board of Assessment Review
    g.  Did not file within 30 days of filing of final roll
    h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,129.00 | $ 1.00 | $ 5,129.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held  **02/25/2025**                                        Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____**NASSAU**____  Assessment Review Filing #____**ER24700204**____  Calendar #____**23**____

Name of owner or owners: **Greg Bala**

Address: **47 PROSPECT ST**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map#_____Section ____**62**____  Block ____**187**____  Lot____**804,821**____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [  ]  Disqualified (check appropriate box below)
  a.  More than three family
  b.  Not owner-occupied
  c.  Property not used exclusively for residential purposes
  d.  Cooperative
  e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
  f.  Did not file with Board of Assessment Review
  g.  Did not file within 30 days of filing of final roll
  h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [  ] Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. [  ] Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,750.00 | $ 1.00 | $ 6,750.00 |
| 5. [  ] Settled pursuant to an agreement of both parties. | | $_____ | $_____ | $_____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                     Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700205__   Calendar # __24__

Name of owner or owners: __Jimmy Flores__

Address: __227 GUY LOMBARDO AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __077__ Lot __0007__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment  Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment  Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment  Taxable | $ 6,300.00 | $ 1.00 | $ 6,300.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                        Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                                      Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700206__   Calendar # __25__

Name of owner or owners: __Henry France, Bernadette France__

Address: __132 BROOKSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __490__   Lot __0005__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [  ] Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [  ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [  ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,444.00 | $ 1.00 | $ 6,444.00 |
| 5. [  ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700207**   Calendar # **26**

Name of owner or owners: Charleen Crooms

Address: 182 DELAWARE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **36**    Block **521**    Lot **0008**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [×] No Change in Assessment | Taxable | $ 8,450.00 | $ 6,337.50 | $ 8,450.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700209__  Calendar # __28__

Name of owner or owners: Tonya Mccray, Leo Mccray

Address: 14 EAST WOODBINE DR

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __171__ Lot __0108__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,768.00 | $ 1.00 | $ 5,768.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manlius, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU    Assessment Review Filing # ER24700210    Calendar # 29

Name of owner or owners: Matthew Ranaldo

Address: 662 MILLER AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section  62    Block  183    Lot  0368

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,080.00 | $ 1.00 | $ 6,080.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700211__   Calendar # __30__

Name of owner or owners: __Kyiesha Bowen__

Address: __173 LEXINGTON AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __085__   Lot __0121__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,606.00 | $ 5,704.50 | $ 7,606.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/25/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # ER24700212    Calendar # 31

Name of owner or owners: Bunlie Voegtlen

Address: 247 MOORE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____  Section 36   Block 521   Lot 0035

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,354.00 | $ 1.00 | $ 7,354.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700213__   Calendar # __32__

Name of owner or owners: __Mike Barthelemy, Cassandra Seide__

Address: __65 LINCOLN PL__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __169__   Lot __0007__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,550.00 | $ 1.00 | $ 5,550.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**                                  Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700216**   Calendar # **35**

Name of owner or owners: Jeffrey Lickel, Joanne Lickel

Address: 29 WILSON PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section **54**   Block **061**   Lot **39-40**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,650.00 | $ 1.00 | $ 5,650.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $_____ | $_____ | $_____ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700217**   Calendar # **36**

Name of owner or owners: Jimmy Roberson, Denise Gray

Address: QUEEN ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section **55**   Block **407**   Lot **0126**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,330.00 | $ 1.00 | $ 5,330.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS  901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held __02/25/2025__                           Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700218__  Calendar # __37__

Name of owner or owners: Rose Hyppolite

Address: 85 SPORTSMANS AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __083__ Lot __0407__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,253.00 | $ 1.00 | $ 5,253.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/25/2025**

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700219**    Calendar # **38**

Name of owner or owners: **Wayne Mark, Karen Lee Mark**

Address: **56 MEISTER BLVD**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **54** Block **327** Lot **20-23**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,390.00 | $ 1.00 | $ 6,390.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/25/2025__                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700220___ Calendar #___39___

Name of owner or owners:__Jessica Morgenstern__

Address:__10 MAY CT__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____ Section ___54___ Block ___317___ Lot___58-59___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [ ] | Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment | Taxable | $ 4,456.00 | $ 1.00 | $ 4,456.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
       Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/25/2025                                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # ___ER24700221___  Calendar # _____40_____

Name of owner or owners: Magalie Smith, Felix Rolande

Address: 14 HARRISON AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section _____55_____ Block _____218_____ Lot _____790-791_____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,500.00 | $ 5,625.00 | $ 7,500.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 25, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held __02/20/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700292___  Calendar #___1___

Name of owner or owners: Maximo Ventura, Adilia Rodriguez

Address: 459 SOUTH BAYVIEW AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ___62___  Block ___143___  Lot___0005___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
     a.    More than three family
     b.    Not owner-occupied
     c.    Property not used exclusively for residential purposes
     d.    Cooperative
     e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
     f.    Did not file with Board of Assessment Review
     g.    Did not file within 30 days of filing of final roll
     h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment  Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,720.00 | $ 1.00 | $ 6,720.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___ Assessment Review Filing #___ER24700293___ Calendar #___2___

Name of owner or owners: Nicholas Calabro, Patricia Calabro

Address: 45 WEST THIRD ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section ___62___ Block ___063___ Lot ___0106___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,920.00 | $ 5,940.00 | $ 7,920.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $_____ | $_____ | $_____ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

_____

## COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

_____

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                 Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700294__   Calendar # __3__

Name of owner or owners: __Betty Johnson__

Address: __302 WESTSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __033__ Lot __0319__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,750.00 | $ 1.00 | $ 5,750.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700295__   Calendar # __4__

Name of owner or owners: Stephanie Huiza, Olufemi Ajewole

Address: 375 ROOSEVELT AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __154__ Lot __0361__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,708.00 | $ 5,781.00 | $ 7,708.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700296__   Calendar # __5__

Name of owner or owners: __Mark Quinton__

Address: __91 PARK AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __088__   Lot __129 & 131__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,500.00 | $ 1.00 | $ 6,500.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700297__   Calendar # __6__

Name of owner or owners: Saima Sawan

Address: 215 WALLACE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __384__ Lot __24-26__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,740.00 | $ 5,805.00 | $ 7,740.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manlius, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700298__  Calendar # __7__

Name of owner or owners: __Simon Gonzalez, Esperanza Gonzalez__

Address: __150 CONNECTICUT AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____  Section __55__  Block __387__  Lot __0051__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment  Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment  Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment  Taxable | $ 7,562.00 | $ 5,671.50 | $ 7,562.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the petitioners representative challenged the subject properties 2024 Village of On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/20/2025                                      Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700300__  Calendar # __9__

Name of owner or owners: Elliott Claiborne, Rose Cox

Address: 45 GORDON PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__  Block __029__  Lot __0002__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 4,584.00 | $ 1.00 | $ 4,584.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014

Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____   are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700301__   Calendar # __10__

Name of owner or owners: __Anne Bouchereau__

Address: __460 ATLANTIC AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __310__   Lot __0108__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,730.00 | $ 1.00 | $ 5,730.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

---

## COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____   are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700302__  Calendar # __11__

Name of owner or owners: __Myriam Mentor__

Address: __163 MADISON AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____  Section __54__  Block __204__  Lot __628-632__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,390.00 | $ 1.00 | $ 6,390.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
　　Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Reduction: Denied
Current AV (Assessed Value) is $6,390 which equalizes to $591,667 @ 1.08%
Valuation Date: October 1, 2023
Tax Year: 2024/2025

"As a general rule, an actual sale at arm's length, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the Court to engage in speculation" (Matter of Ciorra v The Board of Assessors and the Assessment Review Commission of the County of Nassau, Index No. 08-5301, Sup. Ct., Nass. Co., [Spinola, J.]). In this case, the Petitioner purchased the subject property for $633,000 on 3/9/2022. The sale of the subject on 3/9/2022 establishes a market value of $633,000 which equates to an AV of $6,836 @ 1.08%.

An adjustment is not warranted.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700303__  Calendar # __12__

Name of owner or owners: __Veroniqueca Clerge__

Address: __272 LENA AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__  Block __493__  Lot __0053__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,460.00 | $ 1.00 | $ 6,460.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700304__   Calendar # __13__

Name of owner or owners: __Mandell Pratt, Pamela Pratt__

Address: __381 MARYLAND AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __36__   Block __K-02__   Lot __0002__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,823.00 | $ 5,867.25 | $ 7,823.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/20/2025**                                 Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700305**   Calendar # **14**

Name of owner or owners: **Sean Lynch**

Address: **640 GUY LOMBARDO AVE**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **62** Block **102** Lot **0810**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,920.00 | $ 1.00 | $ 5,920.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700306__  Calendar # __15__

Name of owner or owners: Monica Maffetone Hladky

Address: 174 RAY ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__  Block __168__  Lot __0080__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
    a. More than three family
    b. Not owner-occupied
    c. Property not used exclusively for residential purposes
    d. Cooperative
    e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f. Did not file with Board of Assessment Review
    g. Did not file within 30 days of filing of final roll
    h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,900.00 | $ 5,925.00 | $ 7,900.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held  02/20/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700308__   Calendar # __16__

Name of owner or owners: Lana Gardner

Address: 328 SOUTH BROOKSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__ Block __524__ Lot __0031__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,790.00 | $ 1.00 | $ 5,790.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/20/2025**          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700309**   Calendar # **17**

Name of owner or owners: Jose Ventura, Rosa Ventura

Address: 219 GUY LOMBARDO AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **077** Lot **0005**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,430.00 | $ 1.00 | $ 6,430.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:__NASSAU__   Assessment Review Filing #__ER24700311__   Calendar #__19__

Name of owner or owners: __Natalee Ramdahim__

Address:__78 ROOSEVELT AVE__

City/State/Zip Code:__FREEPORT, NY 11520__

Assessing Unit:__Freeport Village Of__

Tax Map#_____ Section __62__ Block __134__ Lot __0021__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,200.00 | $ 1.00 | $ 6,200.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                         Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Reduction: Denied
Current AV (Assessed Value) is $6,955 which equalizes to $643,981 @ 1.08%
Valuation Date: October 1, 2023
Tax Year: 2024/2025


"As a general rule, an actual sale at arm's length, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the Court to engage in speculation" (Matter of Ciorra v The Board of Assessors and the Assessment Review Commission of the County of Nassau, Index No. 08-5301, Sup. Ct., Nass. Co., [Spinola, J.]). In this case, the Petitioner purchased the subject property for $745,000 on 3/22/2023, approximately 7 months after the taxable status date of 10/1/2023.
The sale of the subject on 3/22/2023 establishes a market value of $745,000 which equates to an AV of $8,046 @ 1.08%.

An adjustment is not warranted.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/20/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700312__   Calendar # __20__

Name of owner or owners: Clifford Tatje, Eileen Tatje

Address: 29 ANN DR

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__   Block __203__   Lot __0020__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,490.00 | $ 1.00 | $ 6,490.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                          Page 2 of 2

<hr>

## COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

<hr>

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700313__   Calendar # __21__

Name of owner or owners: __Kenneth Forbes, Joanne Forbes__

Address: __122 NORTH BROOKSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __490__   Lot __0003__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,510.00 | $ 5,632.50 | $ 7,510.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/20/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700314__  Calendar # ____22____

Name of owner or owners: Mario Tovar, German Tovar

Address: 84 HARRISON AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___55___ Block ___216___ Lot ___642-644___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 5,500.00 | $ 1.00 | $ 5,500.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____ Assessment Review Filing #__ER24700315__ Calendar #____23____

Name of owner or owners: Diego Vasquez, Vanessa Encalada

Address: 51 WEST FOURTH ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section ____62____ Block ____064____ Lot ____0544____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   - a. More than three family
   - b. Not owner-occupied
   - c. Property not used exclusively for residential purposes
   - d. Cooperative
   - e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f. Did not file with Board of Assessment Review
   - g. Did not file within 30 days of filing of final roll
   - h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,310.00 | $ 1.00 | $ 7,310.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/20/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: NASSAU   Assessment Review Filing # ER24700316   Calendar # 24

Name of owner or owners: Steven Rubino, Maria Rubino

Address: 21 EAST SECOND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____  Section 62   Block 196   Lot 0004

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,272.00 | $ 1.00 | $ 7,272.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/20/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700317__   Calendar # __25__

Name of owner or owners: Michael Chung, Juanita Chung

Address: 25 MARYLAND AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____  Section __54__   Block __459__   Lot __0005__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,521.00 | $ 5,640.75 | $ 7,521.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700318__   Calendar # __26__

Name of owner or owners: __Norvella Newman__

Address: __285 BAYVIEW AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __135__ Lot __0109__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,070.00 | $ 1.00 | $ 7,070.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                Page 2 of 2

<hr>

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

<hr>

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700319___ Calendar #___27___

Name of owner or owners:_Emilia Celarie_____

Address:_47 TYLER ST_____

City/State/Zip Code:_FREEPORT, NY 11520_____

Assessing Unit:_Freeport Village Of_____

Tax Map#_____Section ___62___ Block ___105___ Lot___0310___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,100.00 | $ 1.00 | $ 5,100.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
        Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700320__   Calendar # __28__

Name of owner or owners: __Janet Dougherty__

Address: __233 ARTHUR ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__  Block __090__  Lot __619-620__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,352.00 | $ 1.00 | $ 7,352.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                        Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700322___  Calendar #___29___

Name of owner or owners:_Patrick Washington_

Address:_268 WALLACE ST_

City/State/Zip Code:_FREEPORT, NY 11520_

Assessing Unit:_Freeport Village Of_

Tax Map#_____Section ___55___ Block ___N___ Lot___99-100___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,000.00 | $ 1.00 | $ 6,000.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700324__   Calendar # __31__

Name of owner or owners: __Janice Patterson__

Address: __49 DELAWARE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __458__ Lot __0327__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,610.00 | $ 5,707.50 | $ 7,610.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

Signature

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/20/2025__                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700326__   Calendar # __33__

Name of owner or owners: __Alexander Martinez, Tania Lopez__

Address: __42 BRUNELLA ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __331__ Lot __0027__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,100.00 | $ 1.00 | $ 6,100.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/20/2025**                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700327**   Calendar # **34**

Name of owner or owners: Sandra Vivas, Yolanda Vivas

Address: 280 PENNSYLVANIA AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55** Block **058** Lot **0001**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |  | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | | $ 8,390.00 | $ 6,292.50 | $ 8,390.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | | $ | $ | $ |

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/20/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700328__   Calendar # __35__

Name of owner or owners: Diana Munoz

Address: 288 PARK AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__  Block __197__  Lot __0200__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,800.00 | $ 1.00 | $ 6,800.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/20/2025**                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**  Assessment Review Filing # **ER24700329**  Calendar # **36**

Name of owner or owners: John Howell, Andrea Elder-Howell

Address: 450 PENNSYLVANIA AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55**  Block **M**  Lot **690-691**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,580.00 | $ 5,685.00 | $ 7,580.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/20/2025**                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700330**   Calendar # **37**

Name of owner or owners: Joseph Stallone, Lauren Sperber

Address: 44 IRVING AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54** Block **336** Lot **70-73**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,598.00 | $ 1.00 | $ 6,598.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 20, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                               Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700395**     Calendar # **1**

Name of owner or owners: Mark Sailsman, Christine Sailsman

Address: 210 RUTLAND RD

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55** Block **382** Lot **1393-1395**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,200.00 | $ 1.00 | $ 6,200.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU   Assessment Review Filing #  ER24700396   Calendar #  2

Name of owner or owners: Nick Jacques, Danielle St Victor-Jacques

Address: 126 NEW YORK AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section  55   Block  385   Lot  0196

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,788.00 | $ 1.00 | $ 6,788.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                       Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700397**   Calendar # **3**

Name of owner or owners: Radha Sharma, Rajendra Sharma

Address: 124 N LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **55**   Block **271**   Lot **0019**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 8,250.00 | $ 6,187.50 | $ 8,250.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700398__  Calendar # ____4____

Name of owner or owners: William White

Address: 141 GARFIELD ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___091___ Lot ___292-294___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,685.00 | $ 1.00 | $ 6,685.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                   Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  **02/24/2025**                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700399**    Calendar # **5**

Name of owner or owners: Rawle Semple

Address: 220 SOUTHSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **118** Lot **0011**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,560.00 | $ 1.00 | $ 5,560.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**     Assessment Review Filing # **ER24700400**   Calendar # **6**

Name of owner or owners: Sacit Ipekbayrak

Address: 160 WEST END AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54** Block **319** Lot **0232**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,375.00 | $ 1.00 | $ 6,375.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

---

## COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__        Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700401__    Calendar # __7__

Name of owner or owners: __Mario Florely, Annine Florely__

Address: __88 HILLSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__ Block __240__ Lot __0015__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,859.00 | $ 1.00 | $ 5,859.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: ___NASSAU___   Assessment Review Filing # ___ER24700402___  Calendar # ___8___

Name of owner or owners: Jerome Flemings, Carlyle Flemings

Address: 215 CRAIG AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___55___  Block ___056___  Lot ___129,141___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]   Disqualified (check appropriate box below)
   a.     More than three family
   b.     Not owner-occupied
   c.     Property not used exclusively for residential purposes
   d.     Cooperative
   e.     Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.     Did not file with Board of Assessment Review
   g.     Did not file within 30 days of filing of final roll
   h.     Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,360.00 | $ 1.00 | $ 6,360.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # ___ER24700403___ Calendar # _____9_____

Name of owner or owners: Giovanni Correa, Ourania Correa

Address: 23 LAURETTE LN

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___204___ Lot ___0022___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,072.00 | $ 1.00 | $ 6,072.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                                     Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU** Assessment Review Filing # **ER24700404** Calendar # **10**

Name of owner or owners: Vanessa Astuto

Address: 42 EAST SECOND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **62** Block **196** Lot **0034**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,850.00 | $ 1.00 | $ 6,850.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700406__    Calendar # __11__

Name of owner or owners: __Arie Ben-Ari, Avra Ben-Ari__

Address: __56 IRVING AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __336__ Lot __0121__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 5,883.00 | $ 1.00 | $ 5,883.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700407**  Calendar # **12**

Name of owner or owners: Perletter Wright

Address: 28 WILLOWBROOK LN

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **36** Block **536** Lot **0012**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
     a.    More than three family
     b.    Not owner-occupied
     c.    Property not used exclusively for residential purposes
     d.    Cooperative
     e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
     f.    Did not file with Board of Assessment Review
     g.    Did not file within 30 days of filing of final roll
     h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,840.00 | $ 1.00 | $ 6,840.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

_____

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

_____

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/24/2025                              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700408__  Calendar # __13__

Name of owner or owners: George Herring, Muriel Herring

Address: 19 ESSEX CT

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __M__ Lot __0019__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,314.00 | $ 1.00 | $ 6,314.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group, Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__              Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700410__   Calendar # __15__

Name of owner or owners: __Carlton Faust, Carol Faust__

Address: __415 ROOSEVELT AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __154__   Lot __0005__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,505.00 | $ 5,628.75 | $ 7,505.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700411**   Calendar # **16**

Name of owner or owners: Thomas Dunseath, Vicki Dunseath

Address: 680 SOUTH BAYVIEW AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54** Block **338** Lot **127,226,325**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,020.00 | $ 1.00 | $ 7,020.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                           Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700413___ Calendar #_____17_____

Name of owner or owners: Kaitlyn Clancy

Address: 176 ROSE ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ____62____ Block ____132____ Lot____0124____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,450.00 | $ 1.00 | $ 5,450.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held 02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # ER24700414    Calendar # 18

Name of owner or owners: James Bacchus, Deborah Bacchus

Address: 223 B WEST SIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section 62    Block 234    Lot 4-6

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,347.00 | $ 1.00 | $ 6,347.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                Page 2 of 2

<hr>

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

<hr>

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700415__   Calendar # __19__

Name of owner or owners: __Carrie LaPalmer__

Address: __126 HARRIS AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __249__   Lot __235-236__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,850.00 | $ 1.00 | $ 5,850.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700416__  Calendar # __20__

Name of owner or owners: Carlos Grullon, Geidy Grullon

Address: 117 CRAIG AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__  Block __386__  Lot __0004__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,192.00 | $ 1.00 | $ 6,192.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700417**   Calendar # **21**

Name of owner or owners: Joseph Donahue, Gina Donahue

Address: 255 GORDON PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section **62** Block **092** Lot **0457**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,395.00 | $ 1.00 | $ 7,395.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # ER24700418   Calendar # 22

Name of owner or owners: Yashomati Persad-Ali

Address: 46 PROSPECT ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section  62   Block  087   Lot  0231

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,611.00 | $ 1.00 | $ 5,611.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                        Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: _____NASSAU_____  Assessment Review Filing # __ER24700419__  Calendar # ____23____

Name of owner or owners: Anthony Spinoccia

Address: 327 PARK AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ____54____ Block ____309____ Lot ____285-286____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 4,950.00 | $ 1.00 | $ 4,950.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____   Assessment Review Filing #___ER24700420___  Calendar #____24____

Name of owner or owners: John Foster, Betty Foster

Address: 360 BRANCH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ___62___  Block ___187___  Lot ___0811___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,783.00 | $ 5,837.25 | $ 7,783.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700421__  Calendar # __25__

Name of owner or owners: __Ellen Yip-Stephens__

Address: __732 SOUTH BAYVIEW AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__ Block __338__ Lot __524-525__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,830.00 | $ 5,872.50 | $ 7,830.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                           Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700422__  Calendar # ___26___

Name of owner or owners: Luz Hernandez

Address: 192 LEXINGTON AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___54___ Block ___078___ Lot ___239-241___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. ☒ No Change in Assessment | Taxable | $ 7,350.00 | $ 1.00 | $ 7,350.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                        Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____ Assessment Review Filing #___ER24700423___ Calendar #____27____

Name of owner or owners: Charles Sotiriou, Marjana Sotiriou

Address: 243 D WESTSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ____62____ Block ____234____ Lot____45-46____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 7,612.00 | $ 5,709.00 | $ 7,612.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                      Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700424__   Calendar # ___28___

Name of owner or owners: Lauren Penso

Address: 243 E WESTSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ___62___ Block ___234___ Lot ___47-49___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,695.00 | $ 1.00 | $ 5,695.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                              Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700425**    Calendar # **29**

Name of owner or owners: **Robert Brahs Jr**

Address: **7 JEFFREY CT**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **62** Block **203** Lot **0061**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,743.00 | $ 1.00 | $ 6,743.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

___

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

___

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700426**   Calendar # **30**

Name of owner or owners: Todd Ramsden, Roseann Ramsden

Address: 521 SOUTHSIDE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section **54** Block **524** Lot **0022**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. [X] No Change in Assessment | Taxable | $ 6,141.00 | $ 1.00 | $ 6,141.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $_____ | $_____ | $_____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730 Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700427__   Calendar # __31__

Name of owner or owners: Nancy Pavlovic

Address: 27 COOLIDGE PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __55__ Block __240__ Lot __0146__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment   Total Assessment | $ | $ | $ |
| 3. [ ] | Excessive Assessment   Exempt Amount | $ | $ | $ |
| 4. [X] | No Change in Assessment   Taxable | $ 6,130.00 | $ 1.00 | $ 6,130.00 |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700429__  Calendar # __33__

Name of owner or owners: Charles Goldstein, Mary Goldstein

Address: 59 MARYLAND AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__  Block __457__  Lot __0310__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 6,750.00 | $ 1.00 | $ 6,750.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**    Assessment Review Filing # **ER24700430**   Calendar # **34**

Name of owner or owners: **Thomas Preston Jr, Karen Preston**

Address: **38 ONSLOW PL**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **54**   Block **307**   Lot **0032**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. [X] No Change in Assessment | Taxable | $ 7,500.00 | $ 5,625.00 | $ 7,500.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
      Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700431__   Calendar # __35__

Name of owner or owners: Pedro Estevez

Address: 238 CHURCH ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __076__ Lot __0053__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 5,490.00 | $ 1.00 | $ 5,490.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                           Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
    Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700432__  Calendar # __36__

Name of owner or owners: Herbert Stortz

Address: 31 EAST SECOND ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __196__ Lot __0006__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $ _____ | $ _____ | $ _____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,697.00 | $ 1.00 | $ 6,697.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS  901, Rev 12/2014

Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held **02/24/2025**

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700433**   Calendar # **37**

Name of owner or owners: **Rizza Borres**

Address: **4 MOUNT AVE**

City/State/Zip Code: **FREEPORT, NY 11520**

Assessing Unit: **Freeport Village Of**

Tax Map# _____ Section **55** Block **232** Lot **0001**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [x] No Change in Assessment | Taxable | $ 5,848.00 | $ 1.00 | $ 5,848.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                           Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

Maidenbaum Property Tax Reduction Group,
Page 1 of 2

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700434__  Calendar # __38__

Name of owner or owners: Gladys Mejia

Address: 33 ELINOR PL

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section __54__ Block __317__ Lot __60-62__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.   More than three family
    b.   Not owner-occupied
    c.   Property not used exclusively for residential purposes
    d.   Cooperative
    e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.   Did not file with Board of Assessment Review
    g.   Did not file within 30 days of filing of final roll
    h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. [ ] Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. [X] No Change in Assessment | Taxable | $ 4,300.00 | $ 1.00 | $ 4,300.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $_____ | $_____ | $_____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
  Costs of $ _____  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/24/2025                                  Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:____NASSAU____  Assessment Review Filing #____ER24700435____  Calendar #____39____

Name of owner or owners: Daisy Rajsingh

Address: 217 INDEPENDENCE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section ____55____  Block ____353____  Lot____989-991____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [ ] Excessive Assessment | Exempt Amount | $ | $ | $ |
| 4. [X] No Change in Assessment | Taxable | $ 8,250.00 | $ 6,187.50 | $ 8,250.00 |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
     Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

---

## DECISION OF HEARING OFFICER

---

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/24/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700436__   Calendar # __40__

Name of owner or owners: __Irving Borman, Judy Borman__

Address: __199 PUTNAM AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __55__   Block __M__   Lot __310-311__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   - a.   More than three family
   - b.   Not owner-occupied
   - c.   Property not used exclusively for residential purposes
   - d.   Cooperative
   - e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   - f.   Did not file with Board of Assessment Review
   - g.   Did not file within 30 days of filing of final roll
   - h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $_____ | $_____ | $_____ |
| 3. ☐ Excessive Assessment | Exempt Amount | $_____ | $_____ | $_____ |
| 4. ☒ No Change in Assessment | Taxable | $ 6,125.00 | $ 1.00 | $ 6,125.00 |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $_____ | $_____ | $_____ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                          Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

   Costs of $ _____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine  the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

On February 24, 2025, a SCAR hearing was held in which the Petitioners representative challenged the subject properties 2024 Village of Freeport's assessed value (AV). The Petitioner stated the "full market value" on the 2024 Village Final Roll as the proper market value for the subject property in calculating their assessed value.

The Petitioner provided a Memorandum of Law in support of using the assessor's market value and the RAR in determining the petitioners new assessed value. This included Real Property Tax Law, caselaw and an alternative calculation (Assessed Value = Villages Full Market Value x RAR (1.08%) for the petitioners purported assessed value. The Hearing Officer notes, the full market value on the 2024 Village Final Roll is derived from the Final Rolls assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. There was no independent valuation evidence for the subject property proffered at the hearing by the Petitioner.

At the hearing, the Respondents from the Village of Freeport stated the "full market value" on the 2024 Village Final Roll reflects a percentage of the subjects full market value and is primarily utilized for the properties rate of taxation. As noted previously, the full market value on the 2024 Village Final Roll is derived from the Final Roll's assessed value (AV) divided by the uniform percent of value (Equalization Rate) of 1.30%. The Respondents also submitted a Memorandum of Law post hearing submission, which noted numerous caselaw and Real Property Tax Law opposing Petitioners adoption of the "full market value" from the 2024 Village Final Roll and the Petitioners alternative calculation for assessed value (AV).

The burden of proof is on the Petitioner to prove that the assessment is either excessive and/or unequal by "credible and substantial evidence." (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]). Substantial evidence means proof that is "adequate to support a conclusion or ultimate fact." (Matter of FMC Corp v Unmack, 92 NY2D 179, 187-188 [1998]. To prove an unequal and/or excessive assessment, the homeowner must first prove the full market value of real property. The Appellate Division, Second Department has stated that "[f]ull market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties" (Matter of Pace, 252 AD2d at 90; see also Matter of Klein v Department of Assessment, 149 AD3d 935 [2017];Matter of Bassett v Manilus, 145AD3d 1636 [2016]; Matter of Greenfield v Town of Babylon Department of Assessment, 76AD3d 1071 [2010]; Matter of Sass v Town of Brookhaven, 73 AD3d 785 [2010].

In this matter, the Petitioner failed to produce independent proof of full market value in one of the standard forms, which is the initial step in proving the assessment is either excessive and/or unequal. Instead of adducing independent proof of market value, the Petitioner asserted the subjects "full market value" from the 2024 Village Final Roll. The uniform percent of value and/or equalization rate utilized by the Village of Freeport is applied to calculate the subjects estimated full market value. It is acknowledged, this is a calculation and is not what the subject would sell for in the open market. It is primarily used by the Village to determine if the property is fairly assessed. Additionally, if Petitioners asserted Final Roll "full market value" for the subject property is correct, then so must be the Final Rolls assessed value (AV).

The Petitioner failed to present evidence sufficient to sustain its burden that the subject property was erroneously assessed. Accordingly, the Petitioner is denied and the assessment remains unchanged.

Signature