# EXHIBIT D

RPTL730 Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700354__  Calendar # __1__

Name of owner or owners: __Michael Burgess, Marsha Miles__

Address: __389 ROOSEVELT AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __154__ Lot __0359__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 6,975.00 | $ 1.00 | $ 5,795.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700355__   Calendar # __2__

Name of owner or owners: __Gladstone Greenidge, David Greenidge__

Address: __621 NASSAU AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __183__   Lot __0393__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] | Unequal Assessment   Total Assessment | $ | $ | $ |
| 3. [X] | Excessive Assessment   Exempt Amount | $ 5,985.00 | $ 1.00 | $ 4,792.00 |
| 4. [ ] | No Change in Assessment   Taxable | $ | $ | $ |
| 5. [ ] | Settled pursuant to an agreement of both parties. | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                     Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____   are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                     Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700356__   Calendar # __3__

Name of owner or owners: __Mark Wittich, Linda Wittich__

Address: __258 SOUTH BROOKSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __524__   Lot __0046__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 5,920.00 | $ 1.00 | $ 4,918.00 |
| 4. ☐ No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ ___30.00___  are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.

For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.

The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:

" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.

I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.

Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted supported the contentions contained in the Petition.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700357__  Calendar # __4__

Name of owner or owners: __Karishma Hosein__

Address: __258 SOUTH OCEAN AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __117__ Lot __0014__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 9,353.00 | $ 7,014.75 | $ 7,770.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730  Form #UCS  901,  Rev 12/2014                                                                Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒Costs of $ _____30.00_____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.

For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.

 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:

" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.

I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.

Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/18/2025                                   Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700359__   Calendar # ____6____

Name of owner or owners: William Walsh

Address: 58 WEST FOURTH ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section ____62____ Block ____064____ Lot ____466-468____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. ☐ Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 8,460.00 | $ 6,345.00 | $ 7,028.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901, Rev 12/2014                                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.


Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/18/2025                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:  NASSAU    Assessment Review Filing # ER24700359   Calendar # _____6_____

Name of owner or owners: William Walsh

Address: 58 WEST FOURTH ST

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section  62   Block  064   Lot  466-468

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 8,460.00 | $ 6,345.00 | $ 7,028.00 |
| 4. [ ] No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730  Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part. The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision. Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter, both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.

For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions presented.

The Respondent argued that the 1.08% RAR Should not be used. Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:

" the Petitioners were proffering a distinct argument…..


"on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters; in this instance it is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would have a de minimus effect on the village.

I have reviewed all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR and values which they themselves have agreed to employ.

Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering the credible evidence as presented, and utilizing the agreed upon RAR, the evidence submitted supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___ Assessment Review Filing #___ER24700363___ Calendar #___10___

Name of owner or owners:_Edwige Edouard, Shirley Edouard_

Address:_65 BEVERLY PKWY_

City/State/Zip Code:_FREEPORT, NY 11520_

Assessing Unit:_Freeport Village Of_

Tax Map#_____Section ___54___ Block ___489___ Lot___0005___

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 8,478.00 | $ 6,358.50 | $ 7,043.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ ___30.00___ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/18/2025          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: **NASSAU**   Assessment Review Filing # **ER24700364**  Calendar # **11**

Name of owner or owners: Benjamin Mathews, Shareeza Vansluytman

Address: 894 SOUTH LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____Section **62**   Block **156**   Lot **557-562**

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 14,300.00 | $ 10,725.00 | $ 11,800.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                                          Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.


Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__            Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700365__   Calendar # __12__

Name of owner or owners: __Abhineth Phull, Ashana Phull__

Address: __189 CARMAN ST__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__ Block __170__ Lot __0021__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|  |  | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 8,305.00 | $ 6,228.75 | $ 6,900.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. |  | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                      Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)
☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/18/2025

Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700366__  Calendar # __13__

Name of owner or owners: Monica Pal

Address: 69 INDEPENDENCE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map#_____ Section __55__  Block __364__  Lot __696-697__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ] Disqualified (check appropriate box below)
   a. More than three family
   b. Not owner-occupied
   c. Property not used exclusively for residential purposes
   d. Cooperative
   e. Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f. Did not file with Board of Assessment Review
   g. Did not file within 30 days of filing of final roll
   h. Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 5,600.00 | $ 1.00 | $ 4,652.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.

Signature

RPTL730  Form #UCS  901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                              Date settled _____

## PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700367__   Calendar # __14__

Name of owner or owners: __Amy Smisek, John Smisek__

Address: __463 LONG BEACH AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __62__   Block __159__   Lot __60-62__

## PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
   a.  More than three family
   b.  Not owner-occupied
   c.  Property not used exclusively for residential purposes
   d.  Cooperative
   e.  Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.  Did not file with Board of Assessment Review
   g.  Did not file within 30 days of filing of final roll
   h.  Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. ☐ | Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. ☒ | Excessive Assessment | Exempt Amount | $ 4,950.00 | $ 1.00 | $ 4,112.00 |
| 4. ☐ | No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. ☐ | Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.

Signature

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__  Assessment Review Filing # __ER24700368__  Calendar # __15__

Name of owner or owners: Debra Carpenter, Donna Esposito

Address: 818 SOUTH OCEAN AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____  Section __62__  Block __180__  Lot __0428__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5

1. [ ]  Disqualified (check appropriate box below)
   a.    More than three family
   b.    Not owner-occupied
   c.    Property not used exclusively for residential purposes
   d.    Cooperative
   e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.    Did not file with Board of Assessment Review
   g.    Did not file within 30 days of filing of final roll
   h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 5,450.00 | $ 1.00 | $ 4,528.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                    Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)
☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS
This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700369__  Calendar # __16__

Name of owner or owners: __Joseph Hepburn__

Address: __475 ATLANTIC AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__   Block __313__   Lot __0127__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐ Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 5,373.00 | $ 1.00 | $ 4,464.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                 Page 2 of 2

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____   are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces theassessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

## NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of Freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.


Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700370__  Calendar # __17__

Name of owner or owners: __John Diaz, Paul Diaz__

Address: __547 SOUTHSIDE AVE__

City/State/Zip Code: __FREEPORT, NY 11520__

Assessing Unit: __Freeport Village Of__

Tax Map# _____ Section __54__  Block __524__  Lot __0104__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ] Disqualified (check appropriate box below)
   a.   More than three family
   b.   Not owner-occupied
   c.   Property not used exclusively for residential purposes
   d.   Cooperative
   e.   Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
   f.   Did not file with Board of Assessment Review
   g.   Did not file within 30 days of filing of final roll
   h.   Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

|   |   |   | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|---|
| 2. [ ] | Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [X] | Excessive Assessment | Exempt Amount | $ 6,335.00 | $ 1.00 | $ 5,263.00 |
| 4. [ ] | No Change in Assessment | | | | |
| | | Taxable | $ _____ | $ _____ | $ _____ |
| 5. [ ] | Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                          Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____ are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in theVillage of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  haver a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.


Signature

RPTL730  Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one  copy  to the assessment review clerk.

Date hearing held __02/18/2025__                                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of:___NASSAU___  Assessment Review Filing #___ER24700371___ Calendar #___18___

Name of owner or owners:_Marta Ruiz_

Address:_291 GRAND AVE_

City/State/Zip Code:_FREEPORT, NY 11520_

Assessing Unit:_Freeport Village Of_

Tax Map#_____Section ____55____ Block ____239____ Lot____0110____

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims  Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ _____ | $ _____ | $ _____ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 4,750.00 | $ 1.00 | $ 3,946.00 |
| 4. [ ] No Change in Assessment | Taxable | $ _____ | $ _____ | $ _____ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ _____ | $ _____ | $ _____ |

RPTL730   Form #UCS  901,  Rev 12/2014                                                                                Page 2 of 2

## COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $        30.00            are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that  50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..

 "on behalf of other Petitioners within the Village of freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in the Village of Freeport."

This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  haver a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.

FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
  supported the contentions contained in the Petition.

Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held  02/18/2025                                          Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__    Assessment Review Filing # __ER24700372__   Calendar # __19__

Name of owner or owners: Randi Berry

Address: 74 DELAWARE AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __54__   Block __052__   Lot __0274__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. [ ]  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. [ ] Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. [X] Excessive Assessment | Exempt Amount | $ 6,255.00 | $ 1.00 | $ 5,196.00 |
| 4. [ ] No Change in Assessment | Taxable | $ | $ | $ |
| 5. [ ] Settled pursuant to an agreement of both parties. | | $ | $ | $ |

RPTL730   Form #UCS 901, Rev 12/2014                                                                                          Page 2 of 2

---

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $ _____30.00_____    are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

---

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in theVillage of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  haver a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.


Signature

RPTL730   Form #UCS 901, Rev 12/2014

## DECISION OF HEARING OFFICER

Prepare in triplicate. Complete within 30 days of date of hearing. Send one copy to the petitioner's representative or the petitioner if not represented, one copy to the Individual representing the assessing jurisdiction, and the original and one copy to the assessment review clerk.

Date hearing held __02/18/2025__                    Date settled _____

### PART I - CASE IDENTIFICATION

Supreme Court, County of: __NASSAU__   Assessment Review Filing # __ER24700373__   Calendar # __20__

Name of owner or owners: Steve Kim, Andrew Kim

Address: 786 S LONG BEACH AVE

City/State/Zip Code: FREEPORT, NY 11520

Assessing Unit: Freeport Village Of

Tax Map# _____ Section __62__ Block __156__ Lot __33-34__

### PART II - DECISION

DISPOSITION - Check 1, 2, 3, 4 or 5
1. ☐  Disqualified (check appropriate box below)
    a.    More than three family
    b.    Not owner-occupied
    c.    Property not used exclusively for residential purposes
    d.    Cooperative
    e.    Condominium, other than a condominium designated as Class I in Nassau County or as a "homestead" in an approved assessing unit
    f.    Did not file with Board of Assessment Review
    g.    Did not file within 30 days of filing of final roll
    h.    Other, state reasons

### NOTICE OF DISQUALIFICATION AND RIGHT TO JUDICIAL REVIEW

If one or more of the reasons set forth in numbers 1a through 1h (above) is checked, this petition did not qualify for review under the Small Claims Assessment Review Program pursuant to Section 730 of the Real Property Tax Law. Pursuant to Section 733 of the Real Property Tax Law, you may seek judicial review of the disqualification of this petition within 30 days of receipt of this notice.

| | | FINAL ASSESSMENT ROLL | CLAIMED ASSESSMENT | DECISION BY HEARING OFFICER |
|---|---|---|---|---|
| 2. ☐ Unequal Assessment | Total Assessment | $ | $ | $ |
| 3. ☒ Excessive Assessment | Exempt Amount | $ 8,370.00 | $ 6,277.50 | $ 6,954.00 |
| 4. ☐ No Change in Assessment | Taxable | $ | $ | $ |
| 5. ☐ Settled pursuant to an agreement of both parties. | | $ | $ | $ |

COSTS

AWARD OF COSTS (Check if applicable)

☒ Costs of $        30.00              are awarded to the petitioner, to be paid by the assessing unit.

Note to Hearing Officer: If the decision reduces the assessment by 50 percent or more of the claimed reduction in assessment, you MUST award costs of $30.00. If the decision  reduces the assessment by less that 50 percent of the claimed reduction in assessment, you MAY award costs of up to $30.00.

### NOTICE OF REQUIRED ACTION BY ASSESSING AND TAXING JURISDICTIONS

This decision grants your petition in whole or in part.  The assessment will be changed, if possible, before the levy of taxes, or a refund of  taxes will be made within 90 days of the date of this decision.  Attached is a list of the name(s) of the person(s) or department(s) in this county responsible for taking this action. Compare the names of the taxing jurisdictions listed in PART III of your petition with the name(s) listed in the attachment to determine the appropriate person(s) or department(s) to be contacted, if the need arises.

State below, the findings of fact concerning the assessment, and the basis for your decision.

FINDINGS OF FACT/CONCLUSIONS OF LAW

At the beginning of the Hearing of the instant Small Claims Assessment Review matter,  both Petitioner and Respondent's representatives indicated that they had AGREED for the purposes of these SCAR matters regarding properties located in the Village of Freeport the the village's Assessed Value on their roll and an RAR of 1.08% are correct and accurate.
For this and the following reasons I find that the RAR and assessed Values currently employed will be used when examining the SCAR Petitions  presented.
 The Respondent argued that the 1.08% RAR Should  not be used.  Much argumentation to this effect was heard at the Hearing and further through post hearing Submission. Respondent submitted on February 25th a Memorandum of Law in support of its positions that:
" the  Petitioners were proffering a distinct argument…..


 "on behalf of other Petitioners within the Village of freeport will create complete disarray and have disastrous effects on the promulgation of a fair and equal assessment in theVillage of Freeport."


This argument is commonly offered by Respondents in SCAR matters;  in this instance it  is found to be without foundation or persuasiveness and assumes that all of the Respondents assessments are correct and should be unassailable. Moreover, Petitioner, points out that the number  of homeowners in this jurisdiction who will be affected by a granting of the relief requested by petition would represent a fraction of the village's Homeowners and thus the effect of adopting Petitioners (and Respondents agreed upon criteria) would  have a de minimus effect on the village.
I have reviewed  all of the parties post Hearing submissions and Respondent has presented no persuasive reason not to use the agreed upon RAR  and  values which they themselves  have agreed to employ.
Petitioners correctly states that the villages full market values are entitled to a presumption of regularity Respondents attempts to now overturn those values contradict but do not defeat that presumption.


FINAL CONCLUSIONS OF LAW

Considering  the credible evidence as presented, and utilizing the  agreed upon RAR, the evidence submitted
 supported the contentions contained in the Petition.

Signature